**SHOTKIN v. WESTINGHOUSE ELECTRIC & MFG. CO. et al.**

No. 3605.

Circuit Court of Appeals
Tenth Circuit.
Aug. 31, 1948.

Rehearing Denied Sept. 22, 1948.

Bernard M. Shotkin, pro se.

John Adams, of Denver Colo. (Irving Hale, Jr., Donald S. Stubbs, and Lewis, Grant, Newton, Davis & Henry, all of Denver, Colo., for Westinghouse Electric Corporation; Winston S. Howard and Pershing, Bosworth, Dick & Dawson, all of Denver, Colo., for Mine & Smelter Supply Co.; Harry C. Davis and Davis, Klahr & James, all of Denver, Colo., for M. L. Foss, Inc.; Walter M. Appel and Ira C. Rothgerber, both of Denver, Colo., for Harry U. Schockett; and Merrill A. Knight and Schaetzel & Knight, all of Denver, Colo., for New England Electric Co., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

In August, 1943, Bernard M. Shotin, acting as trustee for his minor children, instituted this action against Westinghouse Electric & Manufacturing Company and others for injunctive relief and damages under the Sherman Anti-Trust Act, as amended, 15 U.S.C.A. § 1 et seq. From time to time, plaintiff filed numerous groundless motions and engaged in tactics indicating a studied purpose to drag the case along without trial. On March 11, 1947, the court entered an order reciting that no progress had been made in the

case during the preceding year and that it should be dismissed for failure to prosecute unless cause to the contrary be shown on or before the first day of the next term to begin May 6th. Pursuant to such order, the clerk of the court called the attention of the parties to Rule 8 of the court and advised them that the case would be dismissed on May sixth unless a proper showing to the contrary be made in the meantime. Thereafter, plaintiff filed a memorandum brief which recited that it was a motion to strike the third paragraph of the answer of the defendant Westinghouse Electric and Manufacturing Company. No substantial affirmative showing was made as to why the case should not be dismissed. On May sixteenth, it was dismissed for lack of prosecution; and plaintiff appealed.

█ A district court of the United States is vested with power to dismiss an action for failure of plaintiff to prosecute it with reasonable diligence. The power is inherent and independent of any statute or rule. And where plaintiff has failed to prosecute the action with reasonable diligence, the court may dismiss it on motion of the defendant or on its own motion. Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406.

█ A motion to dismiss for failure to prosecute diligently is addressed to the sound judicial discretion of the court, and the action thereon will not be disturbed on appeal unless such discretion was abused. United States v. Fischer, 2 Cir., 93 F.2d 488; Hicks v. Bekins Moving & Storage Co., supra; Silver v. Eakins, 55 Mont. 210, 175 P. 876; Raggio v. Southern Pacific Co., 181 Cal. 472, 185 P. 171; Brown v. Haymore, 43 Ariz. 466, 32 P.2d 1027. In like manner, the question whether the action should be dismissed on the court's own motion for failure to prosecute with reasonable diligence rests largely in the sound judicial discretion of the court and its action with respect thereto will not be overturned on appeal except in case of abuse of such discretion. Manifestly, there was no abuse of discretion in the dismissal of this case.

█ The judgment of dismissal is silent in respect to the place at which it was entered and as to whether notice was given to the parties. It is stated in the brief of appellant that the judgment was entered at Topeka, Kansas, without notice and opportunity to be heard; and upon that statement in the brief, it is argued that appellant was denied due process. While ordinarily notice and opportunity to be heard should be given, the dismissal without notice of an action for failure of plaintiff to prosecute with reasonable diligence does not contravene any sustainable concept of due process with which we are familiar.

The judgment is affirmed.