**Charlotte SLAVITT, Appellant,**

v.

**Glenn F. MEADER et al., Appellees.**

**No. 15231.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 12, 1960.

Decided April 14, 1960.

Petition for Rehearing En Banc Denied May 9, 1960.

Miss Charlotte Slavitt, appellant pro se.

Mr. William W. Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Oliver Gasch, and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellees.

Messrs. Robert M. Beckman, Francis L. Young, Jr., and John P. Burke, Washington, D. C., filed a brief on behalf of the Bar Association of the District of Columbia, as amicus curiae, urging the court to sustain the validity of Rule 13 of the Local Civil Rules of the United States District Court for the District of Columbia. Mr. Sheldon E. Bernstein, Washington, D. C., also entered an appearance for The Bar Association of the District of Columbia.

Before EDGERTON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

On August 13, 1953, appellant filed in the District Court a complaint to recover damages for alleged libel and conspiracy, related to her occupational qualifications as a civilian employee of the Navy Department. Two of the three defendants were served with process and answered. One has never been served. In the intervening years the complaint was dismissed twice under Rule 13 of the United States District Court for the District of Columbia.[1] This occurred first on March 3, 1954, followed by reinstatement of the case April 27, 1954. The second dismissal was March 10, 1959, followed on March 31, 1959, by appellant's motion to vacate the dismissal and to reinstate the action. After a hearing the court denied the motion by an order containing a finding *inter alia* that "plaintiff has failed to prosecute this matter with due diligence." It is from this order that the present appeal was taken. We construe the appealed action of the court as including a decision made in the exercise of the court's inherent power to dismiss the action for lack of prosecution.[2] That the court has this inherent power, within the bounds of a sound discretion, aside from the authority to dismiss granted by Rule 41, Fed.R. Civ.P., 28 U.S.C.A., or by any local rule or practice, is clear. American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571; Barger v. Baltimore & O. R. R., 75 U.S. App.D.C. 367, 130 F.2d 401. See also Shotkin v. Westinghouse Electric & Mfg. Co., 10 Cir., 1948, 169 F.2d 825; Sweeney v. Anderson, 10 Cir., 1942, 129 F.2d

---

1. Rule 13 of the United States District Court Rules for the District of Columbia provides in pertinent part:

   (a) *Clerk to Warn Dilatory Party; Dismissal without Prejudice; Notice of.*—If a party seeking affirmative relief fails for five months, from the time action may be taken to comply with any law, rule or order requisite to the prosecution of his claim, or to avail of any right arising through the default or failure of an adverse party, or to file a Certificate of Readiness under Rule 11 (d), within six months from the date the action is called on the call of the civil calendar, the clerk shall warn the dilatory party by mail that his claim will stand dismissed if he fails to comply with this rule, making a note in the docket of the mailing; and if the delinquency continues for six months the complaint, counter-claim, cross-claim or third party complaint of said party, as the case may be, shall stand dismissed without prejudice, whereupon the clerk shall make entry of that fact and serve notice thereof by mail upon every party not in default for failure to appear, of which mailing he shall make an entry.

   (b) *Failure to Warn; Effect.*—A failure of the clerk to give the warning as above provided will not affect the running of the six months' period or otherwise relieve a party from operation of this rule.

2. So construed the order is clearly a final and appealable decision within the meaning of 28 U.S.C. § 1291 (1958).

756; Hicks v. Bekins Moving & Storage Co., 9 Cir., 1940, 115 F.2d 406.

The history of this litigation, as shown by the record and as developed in the hearing on the motion, amply justified the court in finding that appellant had failed to prosecute her action with due diligence. For this reason it cannot successfully be contended that the District Court abused its discretion in permitting the dismissal to stand by reason of such failure.

This disposition of the appeal renders it unnecessary to consider the question raised by appellant as to whether the dismissal was properly made under local Rule 13, or to reach the question of the validity of that Rule.

Affirmed.