**DEEP SOUTH OIL COMPANY OF TEXAS, Plaintiff-Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Texas Gas Corporation, Texas Eastern Transmission Corporation, Russell M. Riggins, John L. Buvens, Frederick W. Ecker, Hugh McConnell and Harry C. Hagerty, Defendants-Appellees.**

**No. 45, Docket 27543.**

United States Court of Appeals Second Circuit.

Argued Oct. 17, 1962.

Decided Nov. 2, 1962.

See also 25 F.R.D. 81.

Benjamin Heller, New York City (Harry H. Lipsig, New York City, on the brief), for appellant.

Roy W. McDonald of Donovan, Leisure, Newton & Irvin, New York City (George S. Leisure, Jr., Robert V. Dunn, New York City, of counsel, Leo T. Kissam and Michael W. Graney, of Kissam & Halpin, New York City, on the brief), for appellees.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

This action was filed on August 27, 1957.

On October 9, 1959 the case was called on the review calendar. Plaintiff did not appear. On the second call of the calendar defendants' counsel informed the court that he had learned by telephone that plaintiff's counsel would not be able to appear because of other commitments. Defendants moved to dismiss. The court denied the motion and set the matter again for the review calendar on October 22, 1959.

On October 22, 1959 the plaintiff again failed to appear on the call of the calendar. Denying another motion to dismiss the court entered a 60-day order.

On October 27, 1959, plaintiff moved to vacate the 60-day order and asked for eight months to prepare for trial. The court, over defendants' objection, granted the motion to vacate the 60-day order and set the case on the March, 1960 review calendar.

On March 3, 1960, on the call of the review calendar, plaintiff requested that the case be put over until October 1960. The court, over defendants' objection, granted plaintiff's request.

On June 7, 1960 the case was assigned to Judge Dimock for all purposes.

On October 26, 1960, Judge Dimock presented a time table for taking of depositions under which discovery was to be completed by January 31, 1961.

In November 1961, Judge Dimock set the trial for November 27, 1961.

On November 27, 1961 plaintiff requested an adjournment to February 1, 1962 which the court granted.

On January 8, 1962 counsel of record for the plaintiff wrote to Judge Dimock stating that he was retiring from the case. On January 12, 1962 Judge Dimock replied requesting counsel to impress upon the plaintiff the necessity for promptly designating new counsel since the trial was set for February 1.

On January 15, 1962 the president of the plaintiff corporation wrote to Judge Dimock, with a copy to defendants, requesting an adjournment of the trial. Defendants promptly objected and Judge Dimock replied to the plaintiff's letter stating that an application for adjournment must be made by formal motion and adding:

"In order that you may not be misled into postponing the appointment of a new attorney and his preparation to be ready on February 1, I must, in fairness, tell you that my present disposition is to look very unfavorably toward such an application in view of the history of delay in the case."

On February 1, 1962 the matter was adjourned until February 5, 1962.

On February 5, 1962 new counsel appeared for plaintiff, and, stating that he had been retained only the previous Tuesday, asked that the trial be put over until fall. Judge Dimock, having ascertained that a delay of a few days would not suffice, dismissed the action, on motion of the defendants, for failure to prosecute.

We hold that, in view of the circumstances which we have described, Judge Dimock did not abuse his discretion. See Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

Affirmed.