LUIS COSTAS PURCELL, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART, MIGUEL A. VELÁZQUEZ RIVERA, JUDGE, Respondent; ISABEL COSTAS FERRER, Intervener.

No. 2893.     Decided April 2, 1963.

*Aníbal Padilla* for petitioner. *Práxedes Álvarez Leandri* for intervener.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, and Mr. Justice Blanco Lugo.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

We issued certiorari to review an order of the Superior Court, Ponce Part, which refused to declare res judicata a certain third-party complaint.

On September 17, 1955 Isabel María Costas Torres filed a dominion title proceeding in said court requesting that registration be ordered in her favor and in favor of her brother Luis Sandalio Costas Purcell and of her sisters Rosa María and Ramona Costas Torres, of a property of approximately 18 cuerdas situated in the ward El Coto of Peñuelas. Plaintiff alleged that they acquired the property by inheritance from their father Emilio Costas Ferrer in the proportion of one fifth to each one, and then they subsequently became the owners of the other fifth by inheritance from their deceased brother Emilio Bernardo Costas Purcell; and that together with the other owners they had been in possession for a term of ten years in good faith and with just title, their predecessor having in turn acquired the property by inheritance.

On January 12, 1956 and within the same dominion title proceeding Luis Costas Purcell appeared requesting a declaratory judgment and made the following allegations: (1) that the appearing party and his brother Emilio Bernardo Costas Purcell were the only children begotten in the marriage of the deceased Emilio Costas Ferrer and Petra Purcell Irizarry; (2) that the plaintiffs Isabel, Rosa and Ramona Costas Torres were extramarital daughters; (3) that at

the death of the mother in 1894, their parents were already the owners of the property involved in this proceeding, and since their father Emilio Costas Ferrer and their brother Emilio Bernardo Costas Purcell had died intestate, the rights of the aforesaid extramarital daughters Costas Torres should be governed by the provisions of § 767 of the Civil Code, 1930 ed. The petitioner requested that plaintiff's writing be amended with the preceding allegations and that the court issue a declaration of the hereditary rights of the extramarital daughters and of the petitioner and his legitimate brother already deceased, and that pursuant to said declaration their rights be recorded in the registry.

On March 25, 1960 the trial court entered a lengthy order in which, after describing the manner in which the predecessor Emilio Costas Ferrer acquired the property partly by inheritance and partly by purchase from his brothers, it determined the hereditary rights of the plaintiffs, acknowledged natural daughters and of the legitimate son, petitioner herein. It did not order that the title of the property be recorded in the proportion which it determined for each one of the interested heirs because it believed that there was no evidence as to the unrecordable title of ownership, nor as to the prescription by virtue of the uninterrupted and peaceful possession as owner for the alleged ten years or for 30 years or more. It provided that the parties request a hearing to prove these facts.

On August 19, 1960 a third-party complaint was filed within the dominion title proceeding by Isabel Costas Ferrer against the aforesaid plaintiffs Luis Sandalio Costas Purcell and his sisters Isabel, Ramona, and Rosa María Costas Torres.

In this third-party complaint it was alleged that the intervener opposed plaintiffs' claims: (1) because the property involved in the dominion title proceeding was granted by Luis, Francisco, and José Antonio Costas to the intervener

and to her brothers and sisters of whole blood Juan, *Emilio*, Luisa, Ramona and Rosa, by deed No. 1 executed on January 12, 1876 in Peñuelas; (2) that all brothers and sisters of whole blood of the intervener herein having died, the rights to the property corresponded to their heirs; (3) that the undivided property belonged in common ownership to the intervener and to Elisa Costas Alvarado as heir of Luis* Costas Ferrer, to Eva, Sara, and Edith Dueño Costas as heirs of Ramona Costas Ferrer; to Isabel, Pedro Juan, Carmen, Manuel E., Oscar, and Raúl Costas Purcell, and to their grandchildren Enrique Angel Costas Ortiz and Manuel Costas, as members of the succession of Juan Costas Ferrer. The intervener alleged that the defendants or movants were only entitled to an interest of one-fifth and that they had not possessed the property involved in the dominion title proceeding as owners or for any time, and on the contrary, the property had been administered by different heirs. The intervener moved that the Order of March 25, 1960 be set aside and that it be decreed that said intervener and the aforesaid persons had rights, actions, share and interest in the property involved in the dominion title proceeding.

Luis Costas Purcell filed a motion to dismiss this complaint and alleged, among other things, the defense of res judicata, by virtue of the judgment of the Ponce Court rendered on July 13, 1948. The parties having been heard, the trial court entered an Order on August 17, 1961, which reads as follows:

"It appears from this proceeding that Isabel Costas Ferrer filed on August 19, 1960 a third-party complaint to set aside the partial judgment rendered in this case on the ground that it affected her rights adversely. In the answer filed by Isabel María, Ramona, and Rosa María Cortés [*sic*] on August 29, 1960 it was alleged as affirmative defense that on July 13,

---

*In the motion and third-party complaint this person is indistinctly mentioned as Luis and as Luisa. Her alleged heir bears as her first surname Costas.

14

1948 this court had rendered judgment in the case of Isabel Costas Ferrer v. Emilio Bernardo Costas on 'sale of the common thing and distribution of its selling price.' It was alleged that that judgment of dismissal for lack of prosecution constituted 'res judicata' with respect to the present third-party complaint. We do not agree with this contention. The movant of the question had the burden to offer evidence on the identity of the parties and of the facts between the former action and the present one. This was not done in this case. Consequently, the defense of 'res judicata' against the third-party complaint does not lie."

This is the order sought to be reviewed.

It appears from the record that at the hearing of the motion to dismiss the third-party complaint the movant and the petitioner herein presented in evidence, and it was admitted, record No. 6331 of the Ponce Court. It appears from this record that on May 12, 1942 the intervener Isabel Costas Ferrer, and Eva, Sara, and Edith Dueño Costas, Ludovina Purcell Irizarry widow of Juan Costas Ferrer; Carlos Raúl, Oscar Darío, Carmen María, Isabel María, Pedro Juan, Luis Enrique, Manuel Emilio, surnamed Costas Purcell; Aida Bauzá widow of Rafael Costas Purcell; Luis Sandalio Costas Purcell; Luis Ramón and Elisa María Costas Alvarado, and Manuel Costas Brazety as plaintiffs, filed a complaint against Emilio Bernardo Costas Purcell and Isabel, Ramona, and Rosa Costas Torres, in an action for "Sale of the Common Thing and Distribution of its Selling Price." Plaintiffs and defendants alleged that they were the owners of the undivided property of 18 cuerdas in the ward El Coto of Peñuelas; that plaintiffs had an undivided interest of thirteen-fifteenths of the property and the defendants of two-fifteenths; and that they did not wish to remain in the community. They prayed for judgment decreeing the public sale of the aforesaid property; that the price obtained be delivered to the plaintiffs and to the defendants in that proportion.

On November 16, 1942 and in the aforesaid action No. 6331, the defendants answered on the merits the complaint for sale of the common thing and distribution of its price and denied that the property belonged undividedly or in any manner to plaintiffs and defendants. They alleged that it belonged exclusively to the defendants therein and to plaintiff therein Luis S. Costas Purcell, who together with his father Emilio Costas had possessed it publicly, peacefully and uninterruptedly for more than 45 years as owners. As special defenses they alleged that the action for division of community did not lie because a community of property did not exist and that the action was one for revendication of property. Furthermore, that the defendants had acquired title over the property by prescription because they had possessed it with their predecessor, publicly, peacefully, and uninterruptedly as owners for more than 45 years.

■ The hearing of the case was repeatedly set and postponed since November 16, 1942 until October 24, 1946, when, because of the nonappearance of the parties at the hearing, it was indefinitely postponed until it be requested that the case be reset. On June 28, 1948 the court entered an order directing the parties to notify within the term of ten days the reasons why judgment dismissing the case for lack of prosecution should not be entered. On July 13, 1948 the court rendered judgment dismissing the complaint for lack of prosecution. This judgment was notified to the plaintiffs in that case on July 19, 1948, thereby becoming final and unappealable.

It seems clear to us that between suit No. 6331 mentioned above and the third-party complaint filed within the dominion title proceeding, which later became an adversary proceeding, there exists an identity of parties, of thing and of causes of action. It is true that the complaint in suit No. 6331 was filed under the title "Sale of the Common Thing and Distribution of its Selling Price," but it is no less true that the

issue was thus joined as to the right of the intervener and of the persons who sued with her, to be owners of the property in question. If suit No. 6331 had been carried to its termination on the merits, it would have been impossible to render judgment dissolving the alleged community between those plaintiffs and defendants without adjudging that the plaintiffs were co-owners and had an undivided interest in the property. Precisely this is the object pursued now by the third-party complaint.

We are aware of the fact that Luis Costas Purcell who in this case is petitioner in the dominion title proceeding and defendant in the third-party complaint, appeared as plaintiff in suit No. 6331. It should be noted, as to this fact, that in answering the complaint No. 6331 the defendants recognized at all times that coplaintiff therein, Luis Costas Purcell, was co-owner, together with them, of the property. Perhaps as to him the dissolution of the community could have been decreed, but not without adjudicating that the other coplaintiffs were not owners. There exists therefore the identity of the parties who are actually adverse parties.

Rule 41 (b) of the Rules of Civil Procedure of 1943 provided that if the plaintiff failed to prosecute the action or to comply with the rules or with any order of the court, a defendant could request the dismissal of the action or of any claim against him. . . . Unless the court in its order of dismissal specified otherwise, a dismissal under paragraph (b) of Rule 41, or a *dismissal not provided for in said Rule,* other than a dismissal for lack of jurisdiction, operated as an adjudication on the merits.

The judgment dismissing case No. 6331 for lack of prosecution was rendered by virtue of a rule which governed civil cases for the former district courts. Pursuant to Rule No. 83,[1] the rule of the district court on which the judg-

---

[1] "Each district court may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of

ment of dismissal was based did not lose its effectiveness in 1943 with the approval of the Rules of Civil Procedure. Rule 41 (b) was therefore applied to a dismissal based on the rule of the court in the sense that a dismissal operated as an adjudication upon the merits; and also by reason of Rule 86 which provided that the Rules of Civil Procedure would govern all actions pending at the time of their effectiveness.

■ The judgment of July 13, 1948 dismissing case No. 6331 did not provide otherwise and it constituted an adjudication upon the merits of the question involved in said suit. Against the presumption that res judicata is true, only the judgment obtained in a petition for review would be effective pursuant to § 1204 of the Civil Code, 1930 ed.

■ Rule 41 (b) of 1943 provided similarly to Rule 41 (b) of the Federal Rules of Procedure. The federal decisions are agreed that the dismissal for lack of prosecution or for abandonment of the suit constitutes an adjudication upon the merits and therefore, res judicata. These decisions have even recognized to the courts the inherent power to dismiss a suit for lack of prosecution even when there was no previous law or rule to that effect. *Cf. Slavitt* v. *Meader*, 278 F.2d 276, 277; *Ordnance Gauge Co.* v. *Jacquard Knitting Machine Co.*, 265 F.2d 189, 194; *Bartsch* v. *Chamberlin Company of America, Inc.*, 266 F.2d 357, 358; *Shotkin* v. *Westinghouse Electric & Mfg. Co.*, 169 F.2d 825, 826; *Carnegie Nat. Bank* v. *City of Wolf Point*, 110 F.2d 569, 572. This problem was amply discussed by this Court in *Souchet* v. *Cosío*, 83 P.R.R. 730 (1961). *Cf. Bolker* v. *Superior Court*, 82 P.R.R. 785 (1961). Pursuant to the evidence presented and admitted at the hearing in which the dismissal of the third-

rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of Puerto Rico. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules."

See: *Hicks* v. *Bekins Moving & Storage Co.*, 115 F.2d 406, 408.

party complaint was requested on the ground of res judicata, the contention should have prospered.[2]

The order entered by the Superior Court, Ponce Part, on August 17, 1961 is reversed and the third-party complaint is hereby dismissed. The record will be remanded to the trial court for further proceedings not inconsistent with this opinion.

---

[2] We would have reached an identical result if the defense set up would have been collateral estoppel by judgment. *Pereira* v. *Hernández*, 83 P.R.R. 156 (1961).