LUIS COSTAS PURCELL, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. MIGUEL A. VELÁZQUEZ RIVERA, JUEZ, demandado; ISABEL COSTAS FERRER, interventora.

*Número:* 2893   *Resuelto:* 2 de abril de 1963

---

*Anibal Padilla,* abogado del peticionario; *Práxedes Alvarez Leandri,* abogado de la interventora.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra y Blanco Lugo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Expedimos *certiorari* para revisar una Resolución de la Sala de Ponce del Tribunal Superior que se negó a declarar cosa juzgada cierta demanda de intervención.

En 17 de septiembre de 1955 Isabel María Costas Torres promovió un expediente de dominio en dicha Sala para que se ordenara la inscripción en el Registro a su favor, y a favor de su hermano Luis Sandalio Costas Purcell y de sus hermanas Rosa María y Ramona Costas Torres, de una finca de 18 cuerdas más o menos, sita en el Barrio El Coto de Peñuelas. Alegó la promovente que ellos adquirieron la finca por herencia de su padre Emilio Costas Ferrer en

proporción de una quinta parte para cada uno, y luego fueron dueños de otra quinta parte por herencia de su hermano fallecido Emilio Bernardo Costas Purcell; y que junto con los anteriores dueños la habían poseído por un término de más de diez años con buena fe y justo título, habiéndola a su vez adquirido su causante por herencia.

En 12 de enero de 1956 y en el propio expediente compareció Luis Costas Purcell en demanda de sentencia declaratoria e hizo las siguientes representaciones: (1) Que el compareciente y su hermano Emilio Bernardo Costas Purcell fueron los únicos hijos procreados en el matrimonio del causante Emilio Costas Ferrer y Petra Purcell Irizarry; (2) que las promoventes Isabel, Rosa y Ramona Costas Torres fueron hijas extramatrimoniales; (3) que al morir la madre en el año 1894, ya sus padres eran dueños de la finca objeto de este expediente, y habiendo muerto el padre Emilio Costas Ferrer, y el hermano Emilio Bernardo Costas Purcell sin dejar testamento, los derechos de las mencionadas hijas extramatrimoniales Costas Torres debían regirse por lo dispuesto en el Art. 767 del Código Civil, ed. 1930. Solicitó el compareciente que se diera por enmendado el escrito de la promovente con las anteriores alegaciones y que el Tribunal hiciera una declaración de los derechos hereditarios de las hijas extramatrimoniales y del compareciente y su hermano legítimo ya fallecido, y que así declarados se inscribieran sus derechos en el Registro.

El 25 de marzo de 1960 la Sala sentenciadora dictó una extensa Resolución en la que, después de relatar la forma en que el causante Emilio Costas Ferrer adquirió la finca, parte por herencia y parte por compra a sus hermanos, determinó el derecho hereditario de las promoventes, hijas naturales reconocidas y del hijo legítimo compareciente. No ordenó la inscripción en el Registro del dominio de la finca en la proporción en que determinó para cada uno de los herederos interesados por entender que no había prueba en

cuanto al título no inscribible de dominio, ni tampoco en cuanto a la prescripción a virtud de la posesión ininterrumpida y pacífica a título de dueño por los diez años alegados o de 30 ó más años. Se dispuso que las partes solicitaran vista para acreditar tales extremos.

En agosto 19, 1960 se radicó en el expediente de dominio una demanda de intervención interpuesta por Isabel Costas Ferrer contra los promoventes mencionados Luis Sandalio Costas Purcell y sus hermanas Isabel, Ramona y Rosa María Costas Torres.

En esta demanda de intervención se alegó que la interventora se oponía a las pretensiones de los promoventes: (1) porque la finca objeto de la información de dominio fue donada por Luis, Francisco y José Antonio Costas a la interventora y a sus hermanos de doble vínculo Juan, *Emilio*, Luisa, Ramona y Rosa, por escritura Núm. 1 otorgada en Peñuelas en 12 de enero de 1876; (2) que fallecidos todos los hermanos de doble vínculo de la interventora sus derechos en la finca correspondieron a su sucesión; (3) que la finca pertenecía en común pro indiviso a la interventora y a Elisa Costas Alvarado como heredera de Luis(*) Costas Ferrer, a Eva, Sara y Edith Dueño Costas como herederas de Ramona Costas Ferrer; a Isabel, Pedro Juan, Carmen, Manuel E., Oscar y Raúl Costas Purcell, y a sus nietos Enrique Angel Costas Ortiz y Manuel Costas, como miembros de la sucesión de Juan Costas Ferrer. Alegó la interventora que los demandados o promoventes sólo tenían derecho a un condominio de una quinta parte y que éstos no habían poseído la finca objeto de la información de dominio en concepto o por tiempo alguno, y por el contrario, la finca había sido administrada por distintos herederos. Solicitó la interventora que se dejara sin efecto la

_____

(*) En la moción y demanda de intervención esta persona se menciona indistintamente como Luis y como Luisa. Su alegada heredera lleva como primer apellido Costas.

Resolución de 25 de marzo de 1960 y se decretara que ella, y las personas mencionadas tenían derechos, acciones, participación y condominios en la finca objeto de la información.

Contra la anterior demanda Luis Costas Purcell interpuso moción para desestimar y alegó, entre otras cosas, la excepción de cosa juzgada, en virtud de sentencia de la Sala de Ponce del Tribunal Superior de 13 de julio de 1948. Oídas las partes, en 17 de agosto de 1961 la Sala sentenciadora dictó Resolución y expresó lo siguiente:

"De un examen del expediente resulta que Isabel Costas Ferrer radicó, en 19 de agosto de 1960, una demanda de intervención interesando que se dejara sin efecto la sentencia parcial dictada en este caso por razón de que le afectaba adversamente sus derechos. En la contestación radicada por Isabel María, Ramona y Rosa María Cortés [sic] en 29 de agosto de 1960 se alegó como defensa afirmativa que el trece de julio de 1948 este tribunal había dictado sentencia en el caso de Isabel Costas Ferrer vs. Emilio Bernardo Costas sobre 'venta de cosa común y repartición de su precio'. Se alegó que esa sentencia de archivo por abandono de instancia constituía 'cosa juzgada' con respecto a la presente demanda de intervención. No estamos de acuerdo con este planteamiento. La promovente de la cuestión tenía la obligación de ofrecer evidencia que juzgara la identidad de partes y de hechos entre el litigio anterior y el presente. Eso no se hizo en este caso. En consecuencia no procede la defensa de 'cosa juzgada' contra la demanda de intervención."

Este es el pronunciamiento que se revisa.

Surge de los autos que en la vista de la moción para desestimar la demanda de intervención el promovente y peticionario ante nos en este recurso presentó en evidencia y fue admitido, el expediente 6331 de la propia Sala de Ponce. De este expediente surge que en 12 de mayo de 1942 la interventora Isabel Costas Ferrer, y Eva, Sara y Edith Dueño Costas, Ludovina Purcell Irizarry Vda. de Juan Costas Ferrer; Carlos Raúl, Oscar Darío, Carmen María, Isabel María, Pedro Juan, Luis Enrique, Manuel Emilio, de apellidos Costas Purcell; Aida Bauzá Vda. de Rafael Costas

Purcell; Luis Sandalio Costas Purcell; Luis Ramón y Elisa María Costas Alvarado y Manuel Costas Brazety como demandantes, interpusieron demanda contra Emilio Bernardo Costas Purcell e Isabel, Ramona y Rosa Costas Torres en pleito sobre "Venta de Cosa Común y Repartición de su Precio." Alegaron que demandantes y demandados eran dueños pro indiviso de una propiedad de 18 cuerdas en el Barrio El Coto de Peñuelas; que los demandantes tenían una participación indivisa de trece quinceavas partes de la finca y los demandados dos quinceavas partes; y no deseaban permanecer en la comunidad. Pidieron sentencia decretando la venta en pública subasta de la referida finca; que el precio obtenido se entregara a demandantes y demandados en esa proporción.

El 16 de noviembre de 1942 y en el referido pleito 6331, los demandados contestaron en su fondo la demanda de venta de cosa común y repartición de su precio y negaron que la finca perteneciera pro indiviso o en cualquier otra forma a demandantes y demandados. Alegaron que pertenecía exclusivamente a los allí demandados y al allí demandante Luis S. Costas Purcell, quienes conjuntamente con su padre Emilio Costas la habían poseído pública y pacíficamente sin interrupción alguna por más de 45 años en concepto de dueños. En defensas especiales alegaron que la acción de división de comunidad no procedía ya que no existían bienes poseídos en común, y que la acción era una de reivindicación de bienes. Además, que los demandados habían adquirido el dominio de la finca por prescripción por haberla poseído con su causante pública, pacíficamente y sin interrupción alguna en concepto de dueños por más de 45 años.

Desde el 16 de noviembre de 1942 la vista del caso se vino señalando y posponiendo hasta que en 24 de octubre de 1946, al no comparecer las partes a la vista, se pospuso indefinidamente hasta que se solicitara nuevo señalamiento.

En 28 de junio de 1948 el Tribunal dictó una orden para que las partes notificaran en el término de diez días las razones por las cuales no debía dictarse sentencia archivando el caso por abandono. En 13 de julio de 1948 el Tribunal dictó sentencia sobreseyendo y archivando el pleito por abandono de las partes. Esta sentencia fue notificada a los demandantes en ese caso el 19 de julio de 1948, quedando final y firme.

Nos parece claro que entre el pleito Núm. 6331 mencionado y la demanda de intervención interpuesta en el expediente de información de dominio, el cual se convirtió en un procedimiento adversativo, existe identidad de partes, de cosa y de causa de acción. Es cierto que la demanda en el 6331 se radicó bajo el título de "Venta de Cosa Común y Repartición de su Precio", pero no es menos cierto que la controversia realmente quedó trabada en cuanto al derecho de la interventora y de las personas que con ella demandaron, a ser dueñas de la finca en cuestión. De haberse llevado el pleito 6331 a su conclusión en el fondo, hubiera sido imposible dictar sentencia disolviendo la alegada comunidad entre aquellos demandantes y demandados sin adjudicarse que los demandantes eran condueños, y tenían una participación indivisa en la propiedad. A eso precisamente va dirigida ahora la demanda de intervención.

No se nos escapa el hecho de que en el caso 6331 compareció como demandante Luis Costas Purcell, quien en este caso es promovente en la información de dominio y demandado en intervención. Debe notarse, en cuanto a este hecho, que al contestar la demanda 6331 los demandados reconocieron en todo momento que el allí codemandante Luis Costas Purcell era condueño, con ellos, de la propiedad. En cuanto a él, posiblemente pudo haberse decretado la disolución de la comunidad, pero no sin quedar adjudicado que los demás codemandantes no eran dueños. Existe por lo tanto, identidad de las partes que eran realmente adversas.

La Regla 41(b) de las de Enjuiciamiento Civil de 1943 disponía que si el demandante dejare de proseguir la acción o de cumplir con las Reglas o con cualquier orden de la Corte, un demandado podía solicitar la desestimación de la acción o de cualquier reclamación contra él. . . . A menos que la Corte en su orden de desestimación lo especificara de otro modo, una desestimación bajo el párrafo (b) de la Regla 41, o una *desestimación no provista en dicha Regla,* excepto la dictada por falta de jurisdicción, tenía el efecto de una adjudicación en los méritos.

La sentencia archivando el caso 6331 por abandono se dictó en virtud de una regla que regía en casos civiles para las entonces Cortes de Distrito. A tenor de la Regla 83,(1) ésa de la Corte de Distrito en que descansó la sentencia de archivo no perdió su eficacia en 1943 con la aprobación de las de Enjuiciamiento Civil. A una desestimación o archivo basada en la regla de la Corte se le aplicaba, por consiguiente, la disposición de la Regla 41(b) en el sentido de que la desestimación tenía el efecto de una adjudicación en los méritos; y por razón también de la Regla 86 que extendió las de Enjuiciamiento a toda acción que estuviera pendiente al ser adoptadas.

La sentencia de 13 de julio de 1948 archivando el caso 6331 no dispuso de otro modo y constituyó una adjudicación en los méritos de la cuestión litigiosa envuelta en dicho pleito. Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada en juicio de revisión, dispone el Art. 1204 del Código Civil, ed. 1930.

---

(1)"Cada una de las cortes de distrito podrá de tiempo en tiempo hacer y enmendar reglas para el gobierno de sus procedimientos que no sean inconsistentes con estas reglas. Copias de dichas reglas y de las enmiendas a las mismas adoptadas por cualquier corte de distrito serán, una vez promulgadas, enviadas a la Corte Suprema de Puerto Rico. En todas aquellas cuestiones sobre las cuales no se haya provisto por regla, las cortes de distrito podrán regular su práctica en cualquier forma no inconsistente con estas reglas."

Véase: *Hicks* v. *Bekins Moving & Storage Co.,* 115 F.2d 406, 408.

■ La Regla 41(b) de 1943 disponía de igual manera a como dispone la Regla 41(b) de las de Procedimiento Federal. Las decisiones federales están de acuerdo en que la desestimación por falta de instancia o por abandono del pleito constituye una adjudicación en los méritos y por lo tanto, cosa juzgada. Esas decisiones han reconocido a los tribunales inclusive el poder inherente de desestimar un pleito por falta de gestión aun cuando no hubiere ley o regla previamente prescrita al efecto. Cf. *Slavitt v. Meader*, 278 F.2d 276, 277; *Ordnance Gauge Co. v. Jacquard Knitting Machine Co.*, 265 F.2d 189, 194; *Bartsch v. Chamberlain Company of America, Inc.*, 266 F.2d 357, 358; *Shotkin v. Westinghouse Electric & Mfg. Co.*, 169 F.2d 825, 826; *Carnegie Nat. Bank v. City of Wolf Point*, 110 F.2d 569, 572. Este Tribunal discutió el problema con amplitud en *Souchet v. Cosío*, 83 D.P.R. 758 (1961). Cf. *Bolker v. Tribunal Superior*, 82 D.P.R. 816 (1961). A tenor de la prueba presentada y admitida en la vista en que se solicitó la desestimación de la demanda de intervención por razón de cosa juzgada, el planteamiento debió prosperar.([2])

*Se revoca la resolución dictada por la Sala de Ponce del Tribunal Superior en 17 de agosto de 1961 y se decreta que la demanda de intervención sea desestimada. Se devolverán los autos a la Sala sentenciadora para ulteriores procedimientos no incompatibles con esta opinión.*

---

([2]) A idéntico resultado llegaríamos si la defensa interpuesta fuera la de impedimento colateral por sentencia. *Pereira v. Hernández,* 83 D.P.R. 160 (1961).