**John S. GORSUCH, Appellant,**

v.

**PROVIDENT SECURITY LIFE INSUR-ANCE COMPANY, Appellee.**

**No. 21612.**

United States Court of Appeals
Ninth Circuit.

March 19, 1968.

Thaddeus Rojek (argued), Nola Mc-Lane, William Lee McLane, Jr., of Mc-Lane & McLane, Phoenix, Ariz., for appellant.

Francis R. Crable (argued), of Cook, Crable, Preston & Sargeant, Phoenix, Ariz., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

This action was commenced on February 12, 1962, by John S. Gorsuch, a stockholder in United Security Life, an Arizona stock insurance corporation, to obtain a judicial declaration that the merger between that company and Provident Security Life Insurance Company (Provident), another Arizona stock insurance corporation, is void, and to obtain an accounting. The merger was consummated pursuant to an agreement entered into by the board of directors of the two companies on February 7, 1959.

The district court thereafter granted Gorsuch's motion for summary judgment and also granted his motion for judgment by default. On October 1, 1963, this court reversed and remanded for further proceedings consistent with our opinion entered on that date. Provident Security Life Insurance Company v. Gorsuch, 9 Cir., 323 F.2d 839.

From then until December 2, 1965, the matter remained relatively dormant in the district court, long periods of inaction by the parties being interspersed by occasional "status" hearings in the district court, the infrequent filing of motions and memoranda, a few telephone calls, and the like. Matters finally came to a head on the latter date when the district court denied Gorsuch's motions for leave to file an amended complaint and for judgment by default, granted Provident's motion to dismiss the action for lack of prosecution, and entered a judgment for defendant. Gorsuch's motion to vacate and set aside the judgment was denied on December 19, 1966.

Gorsuch then took this appeal. When the appeal was argued in this court on March 14, 1968, more than nine years had elapsed since the merger agreement, which Gorsuch would set aside, had been executed.

Upon consideration of the opposing arguments advanced on this appeal, and upon review of the record of this litigation, we concluded that the district court did not err in denying Gorsuch's motion for judgment by default, and did not abuse its discretion in denying his motions for leave to file an amended complaint and to vacate and set aside the judgment of December 2, 1965. We are likewise convinced that the district court did not abuse its discretion in granting Provident's motion to dismiss the action for lack of prosecution. The judgment for Provident is therefore

Affirmed.