**Raymond SHEAFFER et al., Appellants,**

v.

**WAREHOUSE EMPLOYEES UNION, LOCAL NO. 730, etc., Appellees.**

**No. 21687.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 26, 1968.

Decided Jan. 23, 1969.

Certiorari Denied June 2, 1969.

See 89 S.Ct. 1996.

action, we must affirm the District Court's order.

The merits of this case, which of course are not before us, involve a suit by appellants seeking compensatory and punitive damages under Section 303 of the Taft-Hartley Act, as amended, 29 U.S.C. § 187 (1964). The acts complained of occurred in the late summer of 1961. The complaint was not filed, however, until August 1, 1963, nearly two years later. A detailed account of all the proceedings in this action from its inception in August, 1963, until its demise in February, 1968, is set out in the District Court's order denying appellants' motion to vacate the court's prior order (J.A. 89–97). We need not reiterate these facts in detail. Upon inspection of all the pleadings we find that this case was handled in an extremely dilatory fashion. The record reflects numerous violations of our local court rules and pre-trial orders, and a complete lack of diligence in bringing the case to trial as evidenced by the continually tardy filing of the appropriate motions and papers. Appellants' lethargy ceased on November 6, 1967, when their present counsel entered the case as co-counsel. We find, however, that after over four years of procrastination his arrival came too late to save appellants' cause of action.

What requires emphasis here is the plain fact that appellants have not complied with the rules of the District Court which were promulgated with a view toward increasing judicial efficiency. Congested court dockets, vexatious to all litigants, are the direct result of lax implementation and enforcement of court rules. Here, appellants assert that their latest violation, of local rule 13(a),[1] is excusable and that strict

Mr. Albert J. Ahern, Jr., Washington, D. C., with whom Mr. John K. Pickens, Washington, D. C., was on the brief, for appellants.

Mr. John J. McBurney, Washington, D. C., with whom Mr. James F. Carroll, Washington, D. C., was on the brief, for appellees.

Before FAHY, Senior Circuit Judge, and McGOWAN and TAMM, Circuit Judges.

TAMM, Circuit Judge:

This case comes before us as an appeal from an order of the District Court (issued January 8, 1968) (J.A. 75) dismissing appellants' claim for want of prosecution and as an appeal from an order (issued February 1, 1968) (J.A. 89–97) of the District Court denying appellants' motion to vacate, under Fed.R. Civ.P. 60(b), the aforementioned order dismissing appellants' claim. Since we find that the trial judge did not abuse his discretion in dismissing this cause of

1. Rule 13(a) of the Rules of the United States District Court for the District of Columbia provides in pertinent part:

    (a) *Dismissal Without Prejudice: Notice of Warning.*

    If a party seeking affirmative relief fails for six months from the time action may be taken to comply with any law, rule or order requisite to the prosecution of his claim * * * or take other action looking to the prosecution of his claim, or to file a certificate of readiness under Rule 11(d) within six months of the date the action is called

enforcement of such constitutes "judicial nit-picking in an attempt to justify an improper order" (Brief for Appellants at 19–20). We do not agree; rather, we feel that local rule 13(a) has legal efficacy and should be enforced. The history of this litigation provides no good reason for an exception to the enforcement of court rules.[2]

■ It is clear that the District Court has the "inherent power" to dismiss a case for want of prosecution. Link v. Wabash R. R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Slavitt v. Meader, 107 U.S.App.D.C. 396, 278 F.2d 276 (1960); Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146 (3d Cir. 1968); Kenney v. California Tanker Co., 381 F.2d 775 (3d Cir. 1967), cert. denied, 390 U.S. 904, 88 S.Ct. 817, 19 L.Ed.2d 870 (1968). This power exists independent of the authority of the Federal Rules of Civil Procedure (Rule 41 (b)) or any local rules of court (rule 13(a), *supra* note 1).

■■ It is of utmost importance to note that this power exists only in the District Court, not here on appeal. Our function is to determine whether the District Court "abused its discretion" in dismissing this case. Barger v. Baltimore & Ohio R.R., 75 U.S.App.D.C. 367, 130 F.2d 401 (1942); Shotkin v. Westinghouse Electric & Mfg. Co., 169 F.2d 825 (10th Cir. 1948); Taub v. Hale, 355 F.2d 201 (2d Cir.), cert. denied 384 U.S. 1007, 86 S.Ct. 1924, 16 L.Ed.2d 1020 (1966); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1965). We feel that no abuse of discretion occurred here in view of the long history of procedural ineptness and delay on the part of appellants.

■■ Two other contentions of appellants merit discussion. Appellants' counsel argues forcefully, within the framework of a vitriolic personal attack upon the trial judge, that this case was dismissed on January 8, 1968, on the basis of "matter[s] * * * not before him * * *" (Brief for Appellants at 15). In addition, appellants argue that the decision of the trial court was a "gross departure from comity and the law of the case * * *" (Brief for Appellants at 24). We feel that under the relevant authority it is clear that the trial judge is entitled to inspect the entire procedural history of the case before deciding whether to dismiss it for want of prosecution. Sandee Co. v. Rohm & Haas Co., 298 F.2d 41 (7th Cir. 1962); Deep South Oil Co. of Texas v. Metropolitan Life Insurance Co., 310 F.2d 933 (2d Cir. 1962). Each case, of course, must be evaluated within its own procedural context. With this in mind, a dismissal based upon the record in appellants' case simply cannot be considered an abuse of discretion.

Contrary to appellants' assertion, the action of the trial judge, based upon the particular history of the case, is well supported. Slavitt v. Meader, *supra;* Darlington v. Studebaker-Packard Corp., 261 F.2d 903 (7th Cir. 1959), cert. denied, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed. 2d 980; Shotkin v. Westinghouse Electric & Mfg. Co., *supra;* Gorsuch v. Provident Security Life Insurance Co., 392 F.2d 200 (9th Cir. 1968); Garden

---

on the call of the civil calendar, the complaint shall stand dismissed without prejudice * * *.

2. Appellants' counsel stresses the fact that he was "24 hours away from having * * * (the case) tried * * *" when the trial judge dismissed it (Brief for Appellants at 21). Actually, the case was set for trial on January 9, 1968. In the oral argument before Judge Hart on January 5, 1968, appellants' counsel never mentioned the specific trial date; rather, he stated only that "it's ready for trial"

(J.A. 17), with no further elaboration. Counsel did, however, specifically state the trial date in the order he submitted to the trial judge on January 8, 1968. The trial judge did not sign appellants' counsel's order and instead signed the order submitted by the appellee's counsel. We feel that in view of the entire record in this case, which reflects extreme lethargy, the trial judge did not abuse his discretion in dismissing for want of prosecution, notwithstanding the impending January 9th trial date.

Homes, Inc. v. Mason, 249 F.2d 71 (1st Cir. 1957), cert. denied, 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958); Sweeney v. Anderson, 129 F.2d 756 (10th Cir. 1942); United States v. Chas. Kurz Co., 396 F.2d 1013 (C.C.P.A.1968); 5 J. MOORE, FEDERAL PRACTICE § 41.11(2) (2d ed. 1967); FED.R.CIV.P. 41(b).

We find therefore that, upon inspection of the entire record, the trial judge did not abuse his discretion in dismissing appellants' cause of action for want of prosecution. The order of the District Court is therefore

Affirmed.

FAHY, Senior Circuit Judge:

I concur in affirmance. On the whole record I do not think the District Judge abused his discretion in dismissing the case for want of prosecution.