

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

FILED

May 3, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:00 A.M.

| | |
|---|---|
| Sandra Valentine | ) Docket No. 2016-08-0288 |
| | ) |
| v. | ) |
| | ) State File No. 1969-2016 |
| Kellogg Companies | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

## Affirmed and Certified as Final – Filed May 3, 2017

---

The employee alleged she suffered a mental injury arising out of and in the course and scope of her employment. Following an expedited hearing, the trial court denied her request for benefits. Thereafter, the employee failed to participate in two status conferences and failed to appear for a show cause hearing. As a result, the trial court dismissed her mental injury claim with prejudice. The employee has appealed. We affirm the trial court's determination and certify the order of dismissal as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Sandra Valentine, Memphis, Tennessee, employee-appellant, pro se

Thomas J. Smith, Nashville, Tennessee, for the employer-appellee, Kellogg Companies

## Memorandum Opinion[1]

Sandra Valentine ("Employee") was employed as a production line worker by Kellogg Companies ("Employer"). In September 2014, she reported a left thumb injury that was accepted as compensable. Following that work injury, Employee claimed she

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

1

experienced "retaliation and harassment" at work, culminating in a "mental breakdown" on or about November 10, 2015. She sought workers' compensation benefits for her alleged mental injury, and Employer denied the claim, asserting that Employee's psychological condition did not arise primarily out of and in the course and scope of her employment.

Following unsuccessful mediation, a dispute certification notice was issued and a request for an expedited hearing was filed. After the expedited hearing, the trial court entered an order denying the requested benefits.[2] Employee did not appeal this order.

Thereafter, the trial court scheduled a status conference for October 17, 2016. Counsel for Employer appeared, but Employee did not. Another status conference was set for January 17, 2017, but neither party appeared. The trial court then set a show cause hearing and specifically advised the parties that "[f]ailure to appear may result in a dismissal of the case." Counsel for Employer appeared for the show cause hearing, but Employee did not. The trial court issued an order on February 1, 2017, dismissing Employee's claim with prejudice. Employee has appealed.

In her notice of appeal, Employee alleges she was unable to attend the status conferences due to medical treatment unrelated to her workers' compensation claim. She further alleges she attempted to participate in the show cause hearing by telephone, but was unable to get through. She attached to her notice of appeal doctors' notes documenting her recent, non-work-related medical treatment.

Tennessee Rule of Civil Procedure 41.02 governs involuntary dismissals. Specifically, Rule 41.02(1) provides that a case may be dismissed "[f]or failure . . . to prosecute or to comply with these rules or any order of court." Thus, under the rule, a trial court is authorized to dismiss a claim for (1) failure to prosecute, (2) failure to comply with the rules of civil procedure, or (3) failure to comply with an order of the court. Significantly, such a dismissal operates as an adjudication of the case on its merits unless otherwise specified in the order. Tenn. R. Civ. P. 41.02(3).

In *Lightfoot v. Xerox Business Services*, No. 2015-01-0233, 2016 TN Wrk. Comp. App. Bd. LEXIS 43 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2016), we addressed the dismissal of an action under similar circumstances. The employee in *Lightfoot* failed to comply with several orders of the trial court, which resulted in dismissal of her claim with prejudice. In affirming the decision on appeal, we relied on a Tennessee Supreme Court case in holding that "'a trial court may under certain circumstances and upon adequate grounds therefor, *sua sponte* order the involuntary dismissal of an action.'" *Id.* at *16 (quoting *Harris v. Baptist Mem'l Hosp.*, 574 S.W.2d 730, 731 (Tenn. 1978)).

---

[2] We have not been provided transcripts of the expedited hearing, the status conferences, or the show cause hearing.

Furthermore, we reasoned, "[i]n determining whether a case should be dismissed for failure to prosecute, the trial judge may 'inspect the entire procedural history of the case before deciding whether to dismiss it for want of prosecution. Each case, of course, must be evaluated within its own procedural context.'" *Id.* at *19-20 (quoting *Sheaffer v. Warehouse Employees Union*, 408 F.2d 204, 206 (D.C. Cir. 1969)).

Employee's appeal in the present case suffers from two defects that hinder appellate review. First, Employee has provided no meaningful argument as to how the trial court erred in dismissing her case. Other than the statements written on her notice of appeal, she failed to identify any issues for review, failed to file a position statement or brief on appeal, and failed to cite any rule, statute, or precedent supporting her position. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

Second, Employee included with her notice of appeal purported testimony and attachments that were not admitted as evidence and not considered by the trial court. "[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Thus, we cannot consider Employee's factual statements written on her notice of appeal or the medical documents attached to her notice of appeal.

Consequently, we conclude that the trial judge did not err in dismissing Employee's mental injury claim with prejudice under the circumstances presented. The trial court's decision is affirmed and the order of dismissal is certified as final.

3

**FILED**

**May 3, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Sandra Valentine | ) | Docket No. 2016-08-0288 |
| | ) | |
| v. | ) | State File No. 1969-2016 |
| | ) | |
| Kellogg Companies | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 3rd day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Sandra Valentine | | X | | | X | Valentines1@hotmail.com<br>7242 Autumn Forrest Dr.<br>Memphis, TN 38125 |
| Thomas J. Smith | | | | | X | tjs@spicerfirm.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov