**FILED**
**Sep 30, 2025**
**02:11 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Phyllis D. Anderson | Docket No.    2024-60-5319 |
| v. | State File No.    62179-2023 |
| SP Plus, Inc., et al. | |
| Appeal from the Court of Workers' Compensation Claims Joshua D. Baker, Judge | |

---

### Affirmed and Certified as Final

---

The employee reported injuring her left knee while placing bags on a conveyor belt at work. After the employee filed a petition for benefit determination, the parties attempted mediation, which was unsuccessful. Thereafter, the employee's attorney sought to withdraw from the case, and the trial court granted that motion. The employee then failed to appear for several status hearings, leading to the issuance of a notice for a show cause hearing, which was sent to the employee's last known email address and physical address. In addition, the employer filed a motion to dismiss the case, to which the employee did not respond. The employee did not appear for the show cause hearing, leading the court to dismiss the employee's petition with prejudice. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Phyllis D. Anderson, Antioch, Tennessee, employee-appellant, pro se

Kitty Boyte, Brentwood, Tennessee, for the employer-appellee, SP Plus, Inc.

### Memorandum Opinion[1]

Phyllis Anderson ("Employee") worked for SP Plus, Inc. ("Employer"), a parking management company in Nashville. On August 14, 2023, Employee reported left knee pain when she apparently fell while exiting a bus and when she was placing bags on a

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

conveyor at an airline terminal.  Employer denied the claim, asserting that her fall was idiopathic and not primarily caused by her employment.  It further alleged Employee was involved in a subsequent motor vehicle accident, which it claimed constituted an intervening cause of her condition.

Following unsuccessful mediation, Employee, through counsel, filed a request for an expedited hearing in December 2024.  In a supporting affidavit, Employee's attorney alleged Employee had been diagnosed with and treated for a left patellar fracture following the work accident.  Two months later, Employee's attorney filed a motion to withdraw from the case, citing a "fundamental disagreement" with his client.  In a March 25, 2025 order, the trial court indicated it had set a hearing on the motion to withdraw, but Employee did not appear for the motion hearing.  It granted the attorney's motion to withdraw and set a status conference for one month later, instructing Employee that she either "must hire counsel or appear by telephone to represent herself."  Employee did not appear for the April 28 teleconference.  In an April 29 order, the court ordered Employee to show cause why her case should not be dismissed, and it set another telephonic hearing for June 2.  Also on April 29, Employer filed a motion to dismiss Employee's case, arguing that Employee's failure to appear for the April 28 status conference merited dismissal.

In its June 3 order of dismissal, the trial court noted that Employee did not respond to Employer's motion to dismiss and failed to appear for the June 2 show cause hearing.  As a result, based on Employee's failure to appear for the March 24 hearing on her attorney's motion to withdraw, the April 28 status conference, and the June 2 show cause hearing, as well as her failure to respond to Employer's motion to dismiss, it dismissed Employee's petition for benefits with prejudice.  Employee has appealed.

We previously addressed a dismissal with prejudice for failure to prosecute in *Lightfoot v. Xerox Business Services*, No. 2015-01-0233, 2016 TN Wrk. Comp. App. Bd. LEXIS 43 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2016), stating:

> Tennessee Rule of Civil Procedure 41.02 governs involuntary dismissals.  Specifically, Rule 41.02(1) provides that a case may be dismissed "[f]or failure . . . to prosecute or to comply with these rules or any order of court."  Thus, under the rule, a trial court is authorized to dismiss a claim for (1) failure to prosecute, (2) failure to comply with the rules of civil procedure, or (3) failure to comply with an order of the court.  Significantly, such a dismissal operates as an adjudication of the case on its merits.

*Id.* at *15 (citing Tenn. R. Civ. P. 41.02(3)).  We then explained:

> There is no bright-line rule that establishes when a dismissal with prejudice pursuant to Tennessee Rule of Civil Procedure 41.02(1) is justified.  In determining whether a case should be dismissed for failure to prosecute, the

2

trial judge may "inspect the entire procedural history of the case before deciding whether to dismiss it for want of prosecution. Each case, of course, must be evaluated within its own procedural context." *Sheaffer v. Warehouse Employees Union*, 408 F.2d 204, 206 (D.C. Cir. 1969) (citations omitted). As observed by one court, "dismissal for failure to prosecute is a fact-specific inquiry." *Grooms & Co. Constr., Inc. v. United States*, No. 13-426 C, 2015 U.S. Claims LEXIS 1483, at \*17 (Fed. Cl. Nov. 10, 2015).

*Id.* at \*19-20. We then stated, "While the issue is close, we cannot conclude that, based on the circumstances presented, a dismissal with prejudice amounts to an abuse of discretion." *Id.* at \*21.

Here, Employee vaguely asserts in her notice of appeal that her previous attorney used an "old address." Yet, Employee filed no brief in support of her appeal, so we have no argument from Employee explaining how the trial court erred in dismissing her case with prejudice. As we have noted on numerous occasions, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at \*3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at \*8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at \*5 (Tenn. Ct. App. Aug. 12, 2015).

In short, we conclude the trial court was within its discretion to dismiss Employee's petition for her failure to prosecute her case. The closer question is whether the trial court abused its discretion by dismissing the case *with prejudice*. Given the lack of any argument from Employee on this issue, we consider the issue waived. Therefore, we affirm the trial court's order of dismissal and certify it as final. Costs on appeal have been waived.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Phyllis D. Anderson | Docket No.    2024-60-5319 |
| v. | State File No.  62179-2023 |
| SP Plus, Inc., et al. | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Joshua D. Baker, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of September, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Phyllis D. Anderson | | | | X | andersondon.cancer@gmail.com |
| Kitty Boyte | | | | X | kitty.boyte@petersonwhite.com<br>denise.mccorkle@petersonwhite.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov