**SANDEE MANUFACTURING COMPANY, Plaintiff-Appellant,**

v.

**ROHM & HAAS COMPANY, Defendant-Appellee.**

**No. 13427.**

United States Court of Appeals
Seventh Circuit.

Jan. 2, 1962.

Rehearing Denied Feb. 8, 1962.

See also 24 F.R.D. 53.

William C. Wines, Erwin H. Greenberg, Carl J. Greenberg, Chicago, Ill., for appellant.

A. Leslie Hodson, Howard Ellis, Max E. Wildman, Howard G. Krane, Chicago, Ill., Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel, for appellee.

Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

This is an appeal from an order of the District Court dismissing an action because plaintiff failed to prosecute its case. It is argued that the trial court abused its discretion by insisting the case go forward and in dismissing the case after plaintiff said it was not prepared for trial. The dismissal ended a case that had been on the docket for five years and came after nine pre-trials and four trial settings. A detailed history of the litigation follows a summary of its nature.

Defendant, Rohm & Haas Company, manufactures a basic chemical material, acrylic monomer, from which there can be produced cast sheets and molding powder for the making of a variety of plastic products. Defendant also manufactures cast sheets and molding powder from its monomer under the trade name "Plexiglas." Plaintiff, Sandee Manufacturing Company, is a plastic products manufacturer who uses an extrusion process with the molding powder. Plaintiff alleges in its complaint that defendant has monopolized the monomer as well as the sheet and powder markets. It further charges that defendant conspired with E.I. duPont deNemours & Company to fix the prices of both the monomer and powder. It is plaintiff's claim that defendant's conduct was in violation of the federal antitrust laws, and that because of such conduct it suffered severe losses of invested capital and lessened sales and profits. Damages of $3,000,000 are requested.

The complaint was filed November 1, 1955. By stipulation, time to answer was extended to February 1, 1956, when the answer was filed with a motion to strike.

Defendant did not file its brief in support of the motion to strike until June 22, 1956. Opposing and reply briefs followed and on February 26, 1957, the District Court heard arguments on the motion. Judge Campbell determined that a clarification of the complaint was essential to a disposition of the motion. Defendant moved for a more definite statement September 23, 1957. Plaintiff did not amend until November 24, 1958, possibly because its then counsel were negotiating to withdraw their appearances. On October 1, 1958, plaintiff's present counsel entered the case. On March 20, 1959, the District Court ruled on the motion to strike and on objections to plaintiff's interrogatories.

It is apparent that March 20, 1959, is the critical date with respect to the issue before us. From this date onward discovery proceeded in earnest in anticipation of a forthcoming trial. Defendant filed answers to the bulk of plaintiff's interrogatories August 17, 1959, and informally advised plaintiff February 26, 1960, that it had concluded its discovery.

Between August 20, 1959, and December 19, 1960, the trial court conducted nine pre-trial conferences and set the case for trial four times. The first tentative setting was made for May or June, 1960. At the pre-trial conference on April 20, 1960, plaintiff represented it needed more time to complete its examination of documents and conduct other discovery. Accordingly, the District Court set another pre-trial for May 20, 1960, and the trial date at the head of the call September 12, 1960. The case did not go to trial September 12, because plaintiff's counsel at pre-trials in August stated that although he thought he had sufficient evidence to make a prima facie case, he wanted to examine defendant's documents to meet an affirmative defense.

At the October 6 pre-trial plaintiff represented it would conclude discovery by October 30, and the trial court set the case for a final pre-trial and trial December 12, 1960. When the case was called for trial December 12, plaintiff moved for a 90 days' continuance, stating it was not in a position to present any documents in pre-trial conference or otherwise because it did not know if they had any probative value or to which issues they pertained. The court appealed to plaintiff to begin the pre-trial which was for the purpose of presenting documentary evidence relied upon. The pre-trial was to proceed in an "unhurried" manner with recesses from time to time to give plaintiff an opportunity to prepare for succeeding days of conference. Even this suggestion was rejected. The court then continued the case to December 19, to enable plaintiff to select sufficient material so that the pre-trial could begin with the trial to follow the termination of the pre-trial. On December 19, plaintiff again requested a 90 days' continuance. Its counsel stated that although he was "prepared to begin a pre-trial discussion," he was "not prepared to embark upon a trial." The case was thereupon dismissed for want of prosecution.

■■ The decisions uniformly hold that courts in the exercise of their inherent powers may dismiss an action in which a plaintiff refuses to comply with an order of the court or the setting of a case for trial. Link v. Wabash R. R., 7 Cir., 291 F.2d 542, and cases cited therein. The sole issue before us is whether the District Court abused its discretion in entering judgment dismissing this case with prejudice.

Judge Campbell in denying plaintiff's motion to vacate the dismissal order filed a memorandum in which he said in part:

"* * * At the last pre-trial conference held on October 6, 1960, and after affirmative representations by plaintiff, I entered an order which provided, in part, as follows:

"'It appearing to the Court that all necessary and proper pre-trial discovery herein should, with due diligence of counsel, be concluded by October 30, 1960, the Court allows forty-two (42) days for preparation by counsel and sets this cause for trial before the Court on Monday,

December 12, 1960, with the understanding that at that time counsel and the Court will adjourn forthwith to chambers for further pre-trial conference leading to the preparations of stipulations and otherwise expediting the trial. * * *'

"It is my considered finding in the light of all of the relevant factors before me, that plaintiff had more than ample time to prepare for trial and should have been and could have been ready to proceed on December 19, 1960. I find that plaintiff had sufficient time from March 20, 1959 to complete its remaining discovery and sufficient time from October 6, 1960 on its own representations, to organize that discovery so as to proceed, especially in the manner suggested by the court on December 19, 1960. * * *

"In this protracted cause, I extended the set trial date several times at the request of plaintiff and over the strong protests of defendant before finally dismissing the case on December 19, 1960. * * *"

We have quoted from Judge Campbell's memorandum at some length because we believe it gives meaning to the dismissal order. In dismissing the action the District Court considered the importance of a judge maintaining control of his calendar; that a trial, once set, should be continued only for the most compelling reasons and that in this case four trial dates had been set either tentatively or definitely. The court further considered the nature of this case and the amount of discovery necessary as well as the effort put forth by plaintiff in preparation for trial and the burden placed on defendant and witnesses in postponing the trial.

Judge Campbell had an intimate knowledge of the issues and circumstances surrounding the case as a result of the preliminary rulings and many pre-trial conferences. He was convinced a further continuance would have postponed trial indefinitely.

No exact rule can be laid down as to when a court is justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal. In the instant case we are convinced that the District Court did not abuse its discretion in ordering a dismissal. In fact, the likely possibility for such abuse pointed in the opposite direction had there been a continuance over the opposition of defendant who then and had for many months before stood ready for trial.

The dismissal order is affirmed.