Doris SCARVER, Plaintiff-Appellant,

v.

Leonard ALLEN and Elwood Danielson, Defendants-Appellees.

No. 71–1169.

United States Court of Appeals, Seventh Circuit.

March 15, 1972.

fire in the apartment building where she resided.

"No exact rule can be laid down as to when a court is justified in dismissing a case for failure to prosecute. Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal." Sandee Manufacturing Co. v. Rohm & Haas Co., 298 F.2d 41, 43 (7th Cir. 1962).

The complaint in this case alleged that defendant Elwood Danielson, empowered to serve process, caused the plaintiff and her three minor children to be deprived of their rights in violation of 42 U.S.C. § 1983, by executing an affidavit that he had personally served a summons on the plaintiff in an eviction proceeding on April 9, 1969, whereas as set forth in an affidavit and hospital records attached to the complaint, the plaintiff was a patient at the Garfield Park Community Hospital from April 7 to 10, 1969.[1] In a memorandum opinion on July 31, 1970, the trial court held, in denying a motion to dismiss, that the complaint stated a claim for which relief could be granted.

In the course of discovery, plaintiff had addressed interrogatories to the defendant on August 18, 1970. Answers were filed on October 7, 1970, but plaintiff's counsel did not know that fact until later; nor did he receive a copy of the answers until October 19, when they were received by plaintiff's prior counsel. Believing the answers had not been filed, plaintiff's attorney served a notice on defendant on October 8 that he would appear in the trial court on October 12 and move for an order upon the defendant to answer the interrogatories. Later learning that the courts would be closed on that date, he sent another notice setting the motion for October 14. On October 9, defendant's counsel advised plaintiff's counsel by telephone that the answers had been filed. Plaintiff's counsel told him to

Thomas J. Grippando, Chicago, Ill., for plaintiff-appellant; Robert S. Luce, Second Year Law Student, Chicago, Ill., of counsel.

Edward V. Hanrahan, State's Atty., Vincent Bentivenga, Frederic B. Weinstein, Asst. State's Attys., Chicago, Ill., for defendants-appellees.

Before HASTINGS, Senior Circuit Judge, and STEVENS and SPRECHER, Circuit Judges.

SPRECHER, Circuit Judge.

This appeal by plaintiff Doris Scarver is from an order dismissing her cause of action for her failure to appear for trial due to an asthma attack brought on by a

---

1. *Cf.* United States v. Brand Jewelers, Inc., 318 F.Supp. 1293 (S.D.N.Y.1970), upholding action by United States to restrain jeweler's systematic practice of obtaining default judgments against economically disadvantaged defendants by a technique known as "sewer service," whereby process servers failed to make proper service of process or prepared false affidavits of service.

disregard the October 12 date because the courts would be closed and advised him further that he would receive another notice resetting the motion for October 14 but to disregard that notice also.

Despite this conversation, defendant's counsel went before the trial court on October 14 and procured a dismissal of the cause "for failure of plaintiff to appear for deposition, and for failure to appear in court on notice and motion which had been noticed by plaintiff's attorney."

Plaintiff's attorney moved to vacate the dismissal and supported his motion with his affidavit setting forth the above facts and also alleging that the notice of deposition sent by the defendant had not been received by plaintiff's counsel until October 19, 1970. No counteraffidavit was filed by defendant's counsel.

On October 21, the trial court reinstated the cause of action, but granted the defendant attorney's fees and costs assessed at $68.

■■ The defendant has urged that this dismissal and reinstatement set the stage for the subsequent dismissal. We disagree. Despite the assessment of attorney's fees upon reinstatement, the record before us indicates that the first dismissal was improperly procured by the defendant.

When the case was called for trial on December 21, 1970, the plaintiff's attorney advised the court that the plaintiff had suffered an asthma attack and could not be present. Defendant's counsel protested that defendant Danielson had taken leave from a police training school to be present and other witnesses had been subpoenaed. Plaintiff's counsel then offered, "If the State would stipulate that my client was in the hospital at the time she was allegedly served, I think we could go on with the trial." Since the hospital records showed that the plaintiff was in the hospital for a period which included the date of the alleged service, this was not an unreasonable request. Nevertheless, the case was summarily dismissed on December 21.

The plaintiff promptly moved to reinstate the case. She submitted her own affidavit alleging that a fire occurred in the apartment building where she resided on December 20, 1970; that she had had asthma for several years; that smoke entered her apartment causing an asthma attack; that coughing kept her from coming to court on December 21; and that she was, at the time of executing the affidavit on December 23, under a doctor's care for her asthmatic condition. She also furnished the affidavit of her treating physician, who stated that he was then treating the plaintiff for asthma; that on December 21, 1970, she came to his office with a severe attack of asthma; and that in his opinion "the attack was so severe that it would have been impossible for her to attend court on that date."

No counteraffidavits were filed, but at the hearing on the motion to reinstate, the defendant's attorney stated to the court that he had made some telephone calls which confirmed that a fire had occurred in the plaintiff's apartment and that the plaintiff had indeed gone to her doctor's office on December 21 for her asthmatic condition. The trial court denied reinstatement.

We recognize that a somewhat delicate balance exists between the necessity for a trial judge to exercise control and management over his courtroom and docket, and litigants' substantial rights which may from time to time suffer as a result of this acknowledged need. Sapiro v. Hartford Fire Ins. Co., 452 F.2d 215 (7th Cir. 1971).

■ But dismissal is a harsh sanction which should be resorted to only in extreme cases. Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 148–149 (3rd Cir. 1968). "The judge must be ever mindful that the policy of the law favors the hearing of a litigant's claim upon the merits." Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir. 1967).

Upon a careful consideration of the procedural history of this litigation and the surrounding facts and circumstances as reflected in the record, we are compelled to conclude that the sanction of dismissal was too harsh.

The judgment dismissing plaintiff's cause of action is vacated and the case is remanded for further proceedings.