Rollie C. STUMP and Socony Mobil Oil Co., Inc., d/b/a Magnolia Pipe Line Company, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. No. 5192.

United States District Court, E. D. Illinois.

Dec. 5, 1972.

Rex Carr, Cohn, Carr, Korein, Kunin & Brennan, East St. Louis, Ill., for plaintiffs.

Henry A. Schwarz, U. S. Atty., Jack A. Strellis, Asst. U. S. Atty., East St. Louis, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, District Judge:

In this personal-injury action the defendant has moved under Rule 41(b) to dismiss the case with prejudice due to failure of the plaintiffs to diligently prosecute the action. The original complaint was filed on December 7, 1962. On June 19, 1963, this Court granted defendant's motion to dismiss the complaint, but leave was given plaintiffs to file an amended complaint. From the docket-sheet it appears that plaintiffs' counsel failed to appear for argument on the motion. Also, no formal, written order was rendered by the Court on this original motion to dismiss. Almost nine years later, on January 7, 1972, plaintiffs' new counsel filed an amended complaint. The defendant's present motion asserts that evidence has been obscured and, specifically, that the alleged tortfeasor has died during the nine-year period.

Clearly the plaintiff in a civil action has the responsibility for moving the case along. Sandee Manufacturing Company v. Rohm & Haas Company, 298 F.2d 41 (7th Cir., 1962). While dismissal for failure to diligently prosecute a case is a severe sanction, such an order is justified in a situation as is here present. No reasonable excuse has been offered by plaintiffs for the nine-year delay in filing the amended complaint. The Court's order of June, 1963, was a matter of public record of which plaintiffs should have been aware. A delay as egregious as nine years certainly makes all proof more difficult and works potentially great hardship on the defendant. The fact that plaintiffs have now elected to proceed does not avoid such effects of the delay.

Therefore, the action is dismissed with prejudice.