319 A.2d 355.

MANTON INDUSTRIES, INC. *vs.* PROVIDENCE WASHINGTON INDEMNITY CO.

MAY 14, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is an appeal from a Superior Court order of December 7, 1972, granting the defendant's motion to dismiss the plaintiff's action for lack of prosecution under *Super. R. Civ. P.* 41(b)(2).

The records in the case disclose that on November 7, 1955, plaintiff commenced this action of debt on bond alleging a default by the principal on a performance bond on which defendant was surety. In 1956 defendant pleaded and demurred to plaintiff's declaration and in that year its demurrer was overruled. Thereafter, on plaintiff's motion, the matter was assigned for trial to November 18, 1958, but was not tried on that date or on either of two dates in 1959 to which it was apparently continued.

The case then lay dormant until August 1972, when an appearance was entered by co-counsel for plaintiff. Later in that year, defendant served interrogatories on plaintiff and, pending receipt of answers thereto, moved to dismiss the action for lack of prosecution.

At the initial hearing on the motion to dismiss, the trial justice ordered that affidavits be filed by plaintiff explaining its failure to prosecute during the intervening years, and by defendant showing whether prejudice, if any, was caused it by the delay. Both parties complied.

The plaintiff's explanation for the delay was that in 1962 its president contacted an expert witness in anticipation that the case might be assigned for trial later that year; that in 1967 its president and in 1971 its attorney suffered heart attacks resulting in extended periods during which trial would have been inconvenient, if not impossible; and that in August 1972 its newly appointed counsel requested defendant's attorney to agree to assign the case to trial.[1]

In its affidavit defendant recited that its key witness, the principal on the performance bond, had died in 1967. The loss of his testimony, defendant averred, would prejudice it in defending against plaintiff's action.

Based upon the foregoing facts of record as supplemented by the parties' affidavits, the trial justice invoked Rule 41(b)(2)'s sanction of dismissal, with prejudice, for failure to prosecute.[2]

---

[1] In the 17-year interval between the commencement of this action and its dismissal, cases in the Superior Court in Providence County where this proceeding was pending were not placed on the trial calendar automatically, but only by an agreement of the parties or as a result of a motion of either of the parties upon notice to the other.

[2] Unless the court otherwise specifies, an involuntary dismissal under Rule 41(b) operates as an adjudication upon the merits and thus is with prejudice to the bringing of a new action. 9 Wright & Miller, *Federal Practice & Procedure: Civil* §2369 at 193 (1971). The court did not here otherwise specify and hence this dismissal was with prejudice. Note,

The plaintiff does not question the principles that the Superior Court, in order to achieve an orderly and expeditious disposition of pending litigation, had the inherent power to dismiss plaintiff's action with prejudice because of his failure to prosecute, and that the only question for us is whether the trial justice abused his discretion in so doing. *Link* v. *Wabash R. R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Neither does it attempt to excuse its lengthy inactivity. Instead, it appears to recognize that the procedural history of the particular case must be considered in determining whether the failure is sufficiently serious to justify dismissal.[3] It admits, moreover, that sanctions might have been justified here, but it argues that in the particular circumstances of this case the possibility of inflicting lesser ones should have been explored before the drastic sanction of dismissal with prejudice was imposed.[4]

---

however, that G. L. 1956 (1969 Reenactment) §9-8-6 permits the reinstatement of any case dismissed under Rule 41(b)(2) with or without terms upon motion within one year of the dismissal if the Superior Court deems it proper to do so in order to prevent injustice. Rule 60(b)(6) may also be used under certain circumstances to obtain relief from an order of dismissal for failure to prosecute. *See King* v. *Mordowanec*, 46 F.R.D. 474, 475-80 (D.R.I. 1969) (plaintiffs unaware of their former attorney's gross neglect in failing to prosecute).

[3]*Sheaffer* v. *Warehouse Employees Union, Local 730*, 408 F.2d 204, (D.C. Cir.), *cert. denied*, 395 U. S. 934, 89 S.Ct. 1996, 23 L.Ed.2d 449 (1969); *Sandee Mfg. Co.* v. *Rohm & Haas Co.*, 298 F.2d 41 (7th Cir. 1962).

[4]In urging this contention plaintiff apparently relies on the frequently quoted statements that "[d]ismissal with prejudice is a drastic sanction to be applied only in extreme situations," *Syracuse Broadcasting Corp.* v. *Newhouse*, 271 F.2d 910, 914 (2d Cir. 1959), and that except in such situations "* * * the court should first resort to the wide range of lesser sanctions which it may impose upon the litigant * * *." *Flaksa* v. *Little River Marine Constr. Co.*, 389 F.2d 885, 888 (5th Cir.) *cert. denied*, 392 U. S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). *See also Scarver* v. *Allen*, 457 F.2d 308 (7th Cir. 1972).

The plaintiff relies upon several ameliorating circumstances. One is that the delay in prosecution was in no way occasioned by its willful, dilatory action or disobedience of a court order. Another is that the motion to dismiss postdated both the propounding of interrogatories by defendant and its new attorney's attempt to obtain agreement on a trial date. That time sequence, plaintiff argues, brings this case within the ambit of those decisions which refuse to dismiss a previously inactive case, so long as it appears that the plaintiff is presently prosecuting his claim with reasonable diligence. *United States* v. *Myers,* 38 F.R.D. 194, 197-98 (N.D. Cal. 1964); *First Nat'l Bank* v. *Taylor,* 488 P.2d 1026, 1031-32 (Alas. 1971); *but see Stump* v. *United States,* 58 F.R.D. 214 (E.D. Ill. 1972).

Finally, plaintiff says that at about the same time that dismissal was ordered in this case, the Superior Court, pursuant to Rule 41(b)(1), was notifying parties and counsel in cases where the last docket entry had been made more than five years earlier that their cases had been placed on a special calendar and would be subject to one of the following actions: "1. Settlement stipulation; 2. Dismissal stipulation; 3. Assignment of case to Miscellaneous Calendar to a day before January 1, 1973."

While a reading of the alternatives offered by that notice suggests that dismissal would be the rule unless a delaying plaintiff agreed either to settle the case or to assign it for trial, the parties by stipulation have advised us otherwise. They have told us that the Superior Court practice was to treat each case according to "its own factual setting." That stipulation completely dulls the force of plaintiff's argument that it was not offered the options available to the other delaying plaintiffs.

We, of course, recognize that dismissal with prejudice is a drastic action. Yet for more than 13 years plaintiff allowed this case to languish in the files of the Superior

Court. During those years, plaintiff may not have actively tried to delay or prevent a trial, but it certainly did nothing to obtain a trial even though it knew that there would be no trial until something was done. *Bendix Aviation Corp.* v. *Glass,* 32 F.R.D. 375 (E.D. Pa. 1961), *aff'd,* 314 F.2d 944 (3d Cir.), *cert. denied,* 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963).

True, there were short periods during the 13 years when illness might have interfered with holding a trial. But there were much longer periods when there was no obstacle standing in the way, and for the inactivity during those periods plaintiff has not come forward with any satisfactory explanation. During plaintiff's lengthy delay, moreover, defendant's key witness died, thereby actually as well as presumptively prejudicing defendant.

The trial justice weighed the excuses offered by plaintiff against the prejudice suffered by defendant, and after taking all the issues into consideration, he concluded that not to order dismissal in a case of this type would render Rule 41(b)(2) meaningless. It does not seem to us that he abused his discretion.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*McGee, Gifford, Farrelly & Keough, Seth K. Gifford,* for plaintiff.

*Keenan, Rice, Dolan & Reardon, Roderick A. J. Cavanagh,* for defendant.