**PERRY EQUIPMENT COMPANY, INC.**

v.

**MARINE TRADING & TRANSPORTATION, INC.**

Supreme Judicial Court of Maine.

Sept. 8, 1978.

---

Grossman, Faber & Miller, P. A. by Edward B. Miller (orally), Rockland, for plaintiff.

Little & Watkinson by Randal E. Watkinson (orally), Rockland, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

PER CURIAM.

Defendant having failed to respond seasonably to plaintiff's complaint initiating this action, a default judgment was entered in the Sixth District Court, Knox County, on March 18, 1977. The following October 5th, defendant moved the District Court, pursuant to Rule 60(b)(1), D.C.Civ.R., to set aside the default judgment on the grounds of excusable neglect. After a hearing, the trial Judge denied the motion. Defendant thereupon filed a timely appeal in the Superior Court, Rule 60(c), D.C.Civ.R., which, after a second hearing, was, in turn, denied.

■ Rule 60(c), D.C.Civ.R., states

*A party aggrieved by a denial of a motion for relief from a judgment may, within 10 days of such denial, appeal to the Superior Court and* <u>*obtain a hearing de novo on the motion.*</u> (emphasis added)

The availability of a hearing de novo at the Superior Court level clearly grants an appellant the right to have the presiding Justice use his independent judgment in ruling on the merits of the case.

■ In the case now before us, the Superior Court Justice denied the appeal stating *"there was no abuse of discretion on the part of the District Court Judge in not setting aside the default."* Such language indicates to us that the Justice below did not use his independent judgment, but rather limited his review to questions of abuse of discretion. By failing to exercise his independent judgment as the *"de novo"* language of the rule indicates he must, the Superior Court Justice denied defendant that to which he is entitled under Rule 60(c), D.C.Civ.R.

The entry must therefore be:

Appeal sustained.

Judgment vacated.

Case remanded to the Superior Court for action consistent with this opinion.

ARCHIBALD, J., did not sit.