FINNEY OUTDOOR
ADVERTISING CO., INC.

v.

Ernest J. CORDEIRO.

No. 82–128–Appeal.

Supreme Court of Rhode Island.

Dec. 28, 1984.

Thomas T. Brady, Tiverton, for plaintiff.

James S. O'Brien, Jr., Newport, for defendant.

OPINION

SHEA, Justice.

The plaintiff, Finney Outdoor Advertising Co., Inc. (Finney), has appealed from a judgment entered in the Superior Court granting defendant, Ernest J. Cordeiro's (Cordeiro) motion to dismiss under Rule 41(b)(2) of the Superior Court Rules of Civil Procedure for lack of prosecution. Finney contends that, notwithstanding the lack of prosecution for eleven years at the District Court level, the Superior Court trial justice abused his discretion in granting Cordeiro's motion, thereby denying Finney its right to a trial. For the reasons hereinafter stated, we approve of the Superior Court's disposition and affirm the dismissal.

Finney commenced suit and attached land owned by Cordeiro in June of 1971. Cordeiro answered the case in July of that year. There was no further activity on the case until 1975 when Cordeiro paid $1,200 into the registry of the court to release the attachment on his land, which he intended to sell. Finney still took no action to bring the case to trial until December 1981. At that time Cordeiro filed a motion to dismiss for lack of prosecution under Dist.R.Civ.P. 41(b)(2). The motion was granted after hearing on January 4, 1982.

Pursuant to Dist.R.Civ.P. 73, Finney filed a timely appeal to the Superior Court, Newport County, claimed a jury trial, and also filed a motion to assign the case to the continuous jury-trial calendar. Cordeiro re-

sponded by again filing a motion to dismiss for lack of prosecution under Super.R. Civ.P. 41(b)(2). The Superior Court granted Cordeiro's motion to dismiss.

Finney has brought this appeal, arguing first, that the trial justice improperly relied upon the findings of fact and rulings of law made in the District Court and, second, that he abused his discretion in granting the motion to dismiss based on the long, unexplained delay in the District Court. It is Finney's position that once it filed its appeal to the Superior Court and moved to assign the case for trial, it was ready to proceed and the long period without prosecution in the District Court was no longer a basis for dismissal.

■ In reviewing a trial justice's ruling on a motion to dismiss pursuant to Super. R.Civ.P. 41(b)(2), this court determines "whether his findings are supported by the evidence or whether in making such findings he misconceived or overlooked any material evidence." *Abbey Medical/Abbey Rents, Inc. v. Mignacca*, R.I., 471 A.2d 189, 192–93 (1984); (quoting *Levy v. Industrial National Bank*, 106 R.I. 437, 446, 260 A.2d 919, 924 (1970)). If he has not, his action will be upheld.

Any party to a civil action has the statutory right to appeal a judgment of the District Court and "cause such case to be removed for trial on all questions of law and fact" to the Superior Court. G.L.1956 (1969 Reenactment) § 9–12–10. "The availability of a hearing de novo at the Superior Court level clearly grants an appellant the right to have the [Superior Court justice] use his independent judgment in ruling on the merits of the case." *Perry Equipment Co. v. Marine Trading & Transportation, Inc.*, 390 A.2d 1110, 1111 (Me.1978). Finney asserts that the Superior Court justice in this case relied on the District Court judge's findings, therein failing to perform his proper function on a District Court appeal.

When a case is appealed to the Superior Court, the papers are certified and transmitted to the Superior Court pursuant to Dist.R.Civ.P. 73 and § 9–12–11. The Superior Court justices then have the District Court's docket of the case before them and they have the opportunity to examine independently the travel of the case without regard to the District Court's findings. Our review of the transcript of the Superior Court hearing persuades us that the justice there considered the age of the case and, using his independent judgment as he was required to do, decided that dismissal for lack of prosecution was appropriate.

Having concluded that the Superior Court justice used his independent judgment in granting the motion to dismiss, we must now consider whether he abused his discretion in imposing the sanction of dismissal rather than any other sanction available to him.

Super.R.Civ.P. 41(b)(1) permits the court, in its discretion, to dismiss any action for lack of prosecution where the action *"has been pending* for more than five (5) years." General Laws 1956 (1969 Reenactment) § 9–8–3 "permits all courts, in their discretion, to dismiss any action or proceeding for lack of prosecution which *has been pending* for five years or more." *Rodriques v. Santos*, R.I., 466 A.2d 306, 310 (1983). In neither Rule 41(b) nor § 9–8–3 is there any indication, as Finney argues, that the court may consider only the time during which a case has been pending in that particular court. The language simply allows the justice, in his discretion, to dismiss for lack of prosecution an action that *has been pending* for five years.

■ The dismissal provision, when analyzed in the context of our two-tier trial-court system, implicitly recognizes that a case may languish for years in a lower court before being removed to the Superior Court. Therefore, it is appropriate for the trial justice to consider the entire period of inactivity in the lower court when he considers a Rule 41(b)(2) motion to dismiss in the Superior Court.

■ "We, of course, recognize that dismissal with prejudice is a drastic action."

*Manton Industries, Inc. v. Providence Washington Indemnity Co.,* 113 R.I. 198, 201, 319 A.2d 355, 357 (1974). In this case, Finney, with no explanation, allowed the matter to sit without action for over ten years in the District Court. During his lengthy delay, Cordeiro's property remained attached from 1971 to 1975 when Cordeiro deposited $1,200 in the registry of the court to release the attachment. We acknowledge that Cordeiro could have taken action to dispose of this case at some earlier date. Not having done so, he was a willing participant in the delay. The trial justice nevertheless weighed the lack of explanation by Finney against the prejudice suffered by Cordeiro. Considering this matter in light of the court's interest in adjudicating pending cases with as little delay as possible, the trial justice concluded that dismissal was appropriate. We are not persuaded that he abused his discretion in acting on that conclusion.

For these reasons, the plaintiff's appeal is denied and dismissed, judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.