**Michael MARRA**

v.

**Chester VANDERPYL, d/b/a Berco Auto Salvage, Inc.**

No. 98–67–A.

Supreme Court of Rhode Island.

July 10, 1998.

Joseph E. Marran, Jr., Pawtucket.

Jonathan L. Stanzler.

**ORDER**

The plaintiff, Michael Marra, appeals from the dismissal of his action against the defendant, Chester Vanderpyl, d/b/a Berco Auto Salvage, Inc., pursuant to Super.R.Civ.P. 41(b)(2). After consideration of the prebriefing materials, this case was assigned to the full court at a session in conference in accordance with Rule 12A(3)(b) of the Supreme

Court Rules of Appellate Procedure. We have carefully reviewed the record and the arguments made by the parties in their memoranda, and we proceed to decide this matter without further briefing and argument.

The plaintiff filed a complaint in the Sixth Division District Court against the defendant on March 31, 1993 on book account for services rendered. The defendant filed an answer and counterclaim thereafter. On October 23, 1984, the parties submitted to judgment and both appealed to the Superior Court.

Following the appeal to the Superior Court, there was no activity on the case until October 21, 1997 when the plaintiff filed a motion seeking a priority assignment pursuant to G.L.1956 § 9–2–18. The motion was granted in December of 1997. Prior to the hearing on the plaintiff's motion, the defendant filed a motion to dismiss for lack of prosecution and laches. A trial justice granted the defendant's motion and a final judgment entered on January 22, 1998. From this judgment plaintiff has appealed.

Super.R.Civ.P. 41(b)(2) provides that on a motion of the defendant a trial judge may, in his or her discretion, "dismiss any action for failure of the plaintiff to comply with these rules or any order of court or for lack of prosecution. . . ." We review such an order of dismissal only for abuse of discretion. *Finney Outdoor Advertising Co. v. Cordeiro*, 485 A.2d 910, 911 (R.I.1984).

The plaintiff has failed to order a transcript. We need the transcript before us in order to determine whether the trial justice abused her discretion. The party alleging error "has the burden of furnishing us with so much of the record as maya be required to enable this court to pass on the error alleged." *Chariho Regional High School District v. Town Treasurer of Hopkinton*, 109 R.I. 30, 45, 280 A.2d 312, 320 (1971). If the appealing party fails to provide an adequate transcript, and as a result, this court cannot perform a meaningful review, the court will be constrained to uphold the trial justice's findings. *In re Kimberly and James*, 583 A.2d 877, 879 (R.I.1990). We conclude that the plaintiff's failure to order a transcript is fatal to his claims. In the absence of a transcript, there is nothing on this record to indicate to us that the trial justice abused her discretion.

For the foregoing reasons the plaintiff's appeal is denied and dismissed. The papers may be remanded to the Superior Court.