DECISION
This matter comes before the court on defendants' motion to dismiss for lack of prosecution. This Court has jurisdiction pursuant to Rule 41(b)(2) of the Superior Court of Civil Procedure.
The instant matter was originally filed in 1992. In their complaint, plaintiffs state that they entered into a consignment agreement with the defendants whereby six pieces of art owned by plaintiffs were delivered to Vareika Pine Arts for sale for a period from November 18, 1991 to January 15, 1992. Plaintiffs allege that defendants sold several of these paintings but did not pay plaintiffs their due. Plaintiffs claimed that:
 "By selling one or more of the consigned paintings and by failing to remit the proceeds of said sales, Vareika and Arts have breached the terms of their consignment agreement with Steppingstone to Steppingstone's financial detriment.
 By failing to return one or more of the consigned paintings to Steppingstone at the termination date of the consignment agreement and upon subsequent demands by Steppingstone, Vareika and Arts have breached their agreement with Steppingstone to Steppingstone's financial detriment."
The plaintiffs demanded actual and punitive damages, court costs and an injunction. it appears from the docket sheet that some discovery was conducted throughout 1992 and then activity ceased until at least 1998. This inactivity is the basis for defendants' motion to dismiss under Rule 41(b) of the Superior Court Rules of Civil Procedure.
Rule 41(b) authorizes a justice of the Superior Court, in his or her discretion, to "dismiss any action for lack of prosecution [when] the action has been pending for more than five years." In Scittarelli v.Providence Gas Co., 415 A.2d 1040 (R.I. 1980), the Rhode Island Supreme Court affirmed a Superior Court decision to deny defendant's motion to dismiss for lack of prosecution. The Supreme Court said that
 "the instant defendant has not complained that the passage of time between the assignment of the first trial date in 1963 to the actual trial in 1977 has worked to its prejudice; the defendant merely asserts that the elapse of fourteen years is reason enough to dismiss. On the contrary, under Rule 41(b)(2) and Manton Industries,[1] the trial justice must weigh the equities of dismissal between the parties. Accordingly more than the fact of delay must be shown." Id.
In objecting to defendants' motion, the plaintiffs first argue that "Rule 31 allows a Defendant or the Court to dismiss an action for lack of prosecution any time after five years of inactivity on a case, if the action to dismiss the matter is taken prior to any activity in the case by the Plaintiff." Plaintiffs' Memorandum, 4 (emphasis included). The court disagrees with this assertion. The language of the rule is clear in affording the court discretion to dismiss at any time after a case has been dormant for five years. The only caveat is the balancing test which must first be applied to determine the prejudice such dismissal would cause either party.
This balancing test is the basis for the plaintiffs' second argument. In their memorandum, plaintiffs contend that "the Defendants have pointed to no actual prejudice, the Defendants have not suggested that any party or key witness is unavailable, and the Plaintiffs will present ample evidence at trial to enable the Court to render a sound and equitable decision?" This Court agrees with plaintiffs' position on this point. While true that this court has the discretion to, at any point, dismiss a matter for lack of prosecution when it has been dormant for over five years, it must consider the prejudice which may result from such an action. This matter has, in fact, not been the subject of any court action, however, the defendant has failed to show this court that the lack of prosecution has resulted in any prejudice or hardship. As the Rhode Island Supreme Court has ruled, mere inactivity is not sufficient basis for dismissal.
For the aforementioned reasons, the defendants' motion is denied without prejudice.
[1] Manton Industries, Inc. v. Providence Washington Indemnity Co.,113 R.I. 198, 319 A.2d 355 (1975), the Supreme Court held that the plaintiff had inadequately explained its failure to prosecute the case for seventeen years, and the defendant had proved that the delay had prejudiced its cause since a key defense witness had passed away in the interim.