## DOWNTOWN GROUP, LLC

v.

## Camille TINE d/b/a Lilly's Place.

### No. 00-197-A.

Supreme Court of Rhode Island.

April 3, 2001.

Marc A. Page, Westerly.

George A. Comolli, Westerly.

## ORDER

This case came before this Court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The defendant, Camille Tine d/b/a Lilly's Place, has appealed from a judgment entered in the Superior Court in favor of the plaintiff, The Downtown Group, LLC, in a

---

commercial trespass and ejectment action. On December 29, 1999, the plaintiff filed a complaint for trespass and ejectment against the defendant in the Fourth District Court to obtain possession of the premises used by the defendant to operate an antique store. The plaintiff alleged in its complaint that the defendant was more than 15 days in arrears in her rental payments. A judgment entered on January 12, 2000 in favor of plaintiff for possession and back rent and defendant appealed to the Superior Court.

After a jury-waived trial, a justice of the Superior Court entered judgment for the plaintiff for $1,600 and possession plus interest and costs. In his decision, the trial judge reviewed the evidence and concluded that the defendant had failed to pay her rent. He also found that the defendant had made improvements to the premises in the amount of $2,000 and reduced the back rent owed to plaintiff accordingly.

On appeal, the defendant contends that the trial judge did not conduct a de novo hearing in this matter. She also challenges the trial justice's findings and argues that the trial justice erred in entering judgment for the plaintiff.

In an ejectment action pursuant to G.L. 1956 § 34–18.1–1 *et seq.* for possession of the premises and nonpayment of rent under the terms of a commercial lease, the parties have a statutory right to appeal the judgment of the District Court and are entitled to a de novo hearing by the Superior Court. *See* G.L.1956 § 9–12–10; *see also Putnam Furniture Leasing Co. v. Borden,* 539 A.2d 73 (R.I.1987). At a de novo hearing, the Superior Court is entitled to assess the credibility of witnesses before it. *Star Dinette & Appliance Co. v. Savran,* 104 R.I. 665, 248 A.2d 69 (1968). "The availability of a hearing de novo at the Superior Court level clearly grants an appellant the right to have the [Superior Court justice] use his independent judgment in ruling on the merits of the case." *Finney Outdoor Advertising Co. v. Cordeiro,* 485 A.2d 910, 911 (R.I.1984) (quoting *Perry Equipment Co. v. Marine Trading & Transportation Inc.,* 390 A.2d 1110, 1111 (Me.1978)).

Our review of the record in this case indicates that the defendant received a de novo hearing. The hearing was not limited to the defendant's failure to pay rent. The defendant had ample opportunity to present testimony and other evidence to substantiate her claims.

Having concluded that the trial justice held a de novo hearing, we must now consider whether the trial justice's findings were supported by the evidence. This court's review of the findings of a trial justice sitting without the intervention of a jury is extremely deferential. *DiLuglio v. Providence Auto Body, Inc.,* 755 A.2d 757, 765 (R.I.2000). We will not disturb the findings of a trial justice unless it is shown that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Id.* Here, the evidence established that the defendant did not pay her rent for a period of three months and never informed the plaintiff why she was not paying her rent. Also, defendant rented the premises "as is," with full knowledge that renovations were under way. There is also evidence that the defendant's complaints regarding the premises were timely and appropriately addressed by the plaintiff. We have carefully considered the record in this case and we conclude that the trial justice's findings were supported by the evidence.

For these reasons, we deny and dismiss the defendant's appeal, affirm the judgment of the trial justice, and remand the papers in the case to the Superior Court.