December 7, 2023

Carline Vilbon          :

v.          :

Judy Vargas.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Carline Vilbon      :

v.      :

Judy Vargas.      :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

### O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  In this eviction action, the landlord, Carline Vilbon (Vilbon or plaintiff), appeals from a Superior Court order granting her possession of the premises but dismissing her claim for use and occupancy and for money damages against her tenant, Judy Vargas (Vargas or defendant).  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

- 1 -

## Facts and Travel

Vargas rented the property located at 74 Prince Street, Pawtucket, RI, which was owned by Vilbon.  On May 25, 2022, Vilbon sent a Notice of Termination of Tenancy effective August 1, 2022.

Thereafter, Vilbon filed an eviction complaint for reasons other than nonpayment in the Sixth Division District Court, seeking possession of the unit and reasonable use and occupancy damages from the termination date through the date that Vargas vacates.  Vargas filed an answer *pro se*, asserting a defense for nonpayment because her landlord failed to maintain the property in a habitable condition and also alleging that Vilbon was evicting her because she threatened to call code-enforcement officials.  Subsequently, an attorney entered her appearance on behalf of Vargas.  The eviction for termination of tenancy was heard in District Court and dismissed without prejudice.  Vilbon filed a timely appeal to the Superior Court.

The matter was set to be heard in Superior Court on October 21, 2022.  By this point, Vargas had vacated the rental unit.  The parties entered into a consent order stating that Vilbon was entitled to judgment for possession of the unit, and that a hearing on money damages would be set for a later date to give Vilbon an

opportunity to amend her complaint to include a claim for damages based on alleged vandalism during the tenancy.[1]

Vilbon did not file the motion to amend; instead she filed a motion to vacate the consent order and a motion for an extension of time. On November 9, 2022, Vilbon's attorney requested that he be permitted to withdraw his appearance. His request was granted by the court. According to defendant, despite granting his motion to withdraw, the trial justice asked Vilbon's counsel to explain to her that she had five additional days to amend her complaint to include the alleged money damages or that claim would be deemed waived. The defendant further asserts that Vilbon left the courtroom prior to the conclusion of the hearing and stated that she would be taking an appeal. The trial justice denied Vilbon's motion to vacate and gave her an additional five days to file the motion to amend. The matter was set for trial on November 16, 2022.

On the morning of trial, Vilbon emailed the trial justice's clerk, stating that she would "not be attending trial * * * because the case is being appealed in the Supreme Court * * *." The clerk responded that "[t]here has been no appeal docketed in the Supreme Court, nor does the Superior [C]ourt have one on file. Therefore, this case will proceed at 1:30 today."

---

[1] The consent order was entered November 14, 2022.

Vilbon did not appear. The trial justice dismissed her claim for use and occupancy damages and "any and all" of Vilbon's claim for damages with prejudice due to her failure to appear or file a motion to amend the complaint. Vilbon appeals three decisions of the Superior Court: (1) the November 14, 2022 consent order; (2) the November 9, 2022 denial of her motion to vacate the consent order; and (3) the December 5, 2022 order granting her possession but dismissing her claim for use and occupancy and for other money damages.[2]

## Standard of Review

"This Court accords 'great deference to the findings of fact of a trial justice sitting without a jury, and will disturb such findings only when the justice misconceives or overlooks material evidence or otherwise is clearly wrong.'" *Athena Providence Place v. Pare*, 262 A.3d 679, 681 (R.I. 2021) (quoting *Whittemore v. Thompson*, 139 A.3d 530, 540 (R.I. 2016)). "A judgment in a nonjury case will be reversed on appeal when it can be shown that the trial justice misapplied the law * * *." *E.W. Burman, Inc. v. Bradford Dyeing Association, Inc.*, 220 A.3d 745, 753 (R.I. 2019) (quoting *Cote v. Aiello*, 148 A.3d 537, 544 (R.I. 2016)).

---

[2] The plaintiff filed a premature notice of appeal on November 17, 2022, before the final order was entered. However, because the final order was later entered, her premature notice of appeal is valid. *Murray v. Jones*, 250 A.3d 562, 564 n.2 (R.I. 2021).

"Generally, '[a] Rule 60(b) motion to vacate is addressed to the trial justice's sound judicial discretion and will not be disturbed on appeal, absent a showing of abuse of discretion.'" *McLaughlin v. Zoning Board of Review of Town of Tiverton*, 186 A.3d 597, 606 (R.I. 2018) (quoting *Allen v. South County Hospital*, 945 A.2d 289, 293 (R.I. 2008)). Accordingly, our "review is limited to an examination of the decision to determine the correctness of the order granting or denying the motion, not the correctness of the original judgment." *Turdo v. Main*, 132 A.3d 670, 680 (R.I. 2016) (quoting *Berman v. Sitrin*, 101 A.3d 1251, 1260 (R.I. 2014)).

Rule 41(b)(1) of the Superior Court Rules of Civil Procedure provides that "[t]he court may, in its discretion, dismiss any action for lack of prosecution * * * at any time, for failure of the plaintiff * * * to proceed when the action is reached for trial." Super. R. Civ. P. 41(b)(1). "We review such an order of dismissal only for abuse of discretion." *Marra v. Vanderpyl*, 717 A.2d 649, 650 (R.I. 1998) (mem.).

**Discussion**

Vilbon argues that the trial justice abused his discretion in dismissing her claims for damages by refusing to allow her to speak, embarrassing her in the courtroom, dismissing the matter when he knew she was filing an appeal, and overlooking evidence of the alleged vandalism. Likewise, she contends that the trial justice abused his discretion in denying her motion to vacate the judgment for possession and in denying her motion to amend because she believed her prior

attorney had forfeited her right to actual damages by consenting to a judgment for possession. Finally, Vilbon argues that the trial justice erred in failing to rule on her motion for an extension of time.

In this matter, plaintiff has failed to order a transcript of either the hearing on November 9, 2022, when she alleges that the trial justice denied her motion to vacate, or the hearing on November 16, 2022, when the trial justice dismissed her remaining claims. Without a transcript of either proceeding, it is impossible for the Court to determine whether the trial justice abused his discretion. "The party alleging error 'has the burden of furnishing us with so much of the record as may[] be required to enable this court to pass on the error alleged.'" *Marra*, 717 A.2d at 650 (quoting *Chariho Regional High School District v. Town Treasurer of Hopkinton*, 109 R.I. 30, 45, 280 A.2d 312, 320 (1971)). If the appealing party fails to provide an adequate transcript and, as a result, this Court cannot perform a meaningful review, we will be constrained to uphold the trial justice's findings. *In re Kimberly and James*, 583 A.2d 877, 879 (R.I. 1990). Although plaintiff did provide the October 21, 2022 transcript, she was represented by counsel at that hearing and thus, the trial justice did not abuse his discretion when he directed her to communicate through her attorney.

We conclude that the plaintiff's failure to order a transcript is fatal to her additional claims. Without a transcript, there is nothing for this Court to review to

determine whether the trial justice abused his discretion in either dismissing Vilbon's claims or denying her motion to vacate the consent order.

## Conclusion

For the foregoing reasons, we affirm the order of the Superior Court. The papers may be remanded to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Carline Vilbon v. Judy Vargas. |
| **Case Number** | No. 2022-342-Appeal.<br>(PD 22-5805) |
| **Date Opinion Filed** | December 7, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Joseph Montalbano |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Carline Vilbon, *pro se*<br>For Defendant:<br><br>Sean Harrington, Esq. |

SU-CMS-02A (revised November 2022)